JOHN D. KIRBY (CSB 149496)
ATTORNEY AT LAW
401 W. A Street, Suite 1150
San Diego, California 92101
(619) 557-0100 (Phone)
jkirby@johnkirbylaw.com
Attorney for Michael G. Douglas

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HONORABLE MICHAEL S. BERG)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL G. DOUGLAS,<br><br>Defendant. | CASE NO. 23-mj-4483-MSB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BOND**<br><br>Date: January 25, 2024<br>Time: 10:45 a.m. |

## I.
## THE CHARGES

Mr. Michael G. Douglas ("Mr. Douglas") is charged with violation of Title 18, U.S.C., Sections 2252A(a)(2) & (b)(1).

//

//

//

//

## II.

## **FACTS RELEVANT FOR BOND**

Mr. Douglas has resided in Escondido since his family moved to the San Diego area in 1990. Prior to his arrest he lived with his mother, Linda Douglas, and his aunt Patricia. Mr. Douglas' mother Linda is seventy-three (73) years old, and along with Mr. Douglas cares for Linda's sister Patricia Douglas, who is seventy-eight (78) and suffers from several health issues including non-alcoholic cirrhosis of the liver, congestive heart failure and several other maladies. Patricia Douglas has also recently fallen a total of three times, the most recent after Mr. Douglas' last court appearance. During this last fall, Patricia broke her eye socket and sustained a brain bleed. Prior to his arrest, Mr. Douglas was instrumental in Patricia Douglas' care. Mr. Douglas regularly drove her to the store and also to medical appointments, and also helped her around the home, as her sister Linda is not strong enough to lift her. Without Mr. Douglas' assistance, his mother is having difficulty caring for her sister.

The undersigned has also spoken with Mr. Steven Woods, who owns an estate liquidation business in the Escondido area. Mr. Woods confirmed that upon his release Mr. Douglas has a full-time job with Mr. Woods' company liquidating

1    a large estate, to include several luxury vehicles.  Mr. Woods estimates that it will

2    take Mr. Douglas approximately one year to liquidate that particular estate.

4        Mr. Douglas has reported illicit drug use from 2008 through 2011.

5    However, Mr. Douglas has not used any illicit drugs since 2011.

7        Mr. Douglas has prior California state convictions.  Mr. Douglas HAS made

8    all of his court appearances in those cases.  He successfully completed probation

9
10   on those cases without incident.

12       Last year, Mr. Douglas also opened a 501(c) corporation to assist the

13   homeless in the Escondido area.  On the night of his arrest, he was travelling on

14   Interstate 15 with a homeless individual, Crystal LNU, who had recently been

15
16   incarcerated at the Las Colinas detention center.  Crystal LNU told Mr. Douglas

17   that she had angered an individual at Las Colinas who she believed was connected

18   to a drug gang, and that she was worried that members of the drug gang would try

19
20   to do her harm.

22       Mr. Douglas, as he was driving down Interstate 15, noticed that he was

23   being followed by two late-model SUVs, and believed that these vehicles might

24   belong to members of the drug gang that was after Crystal LNU.  These vehicles

25
26   then attempted to stop Mr. Douglas' vehicle.  The vehicles did not use any red-

27   and-blue flashing lights or sirens to identify them as law enforcement.  Mr.

28

Douglas, fearing that the occupants of the vehicles might harm him, flashed a two-dollar plastic hand grenade at the occupants. Once the occupants identified themselves as law enforcement officers, Mr. Douglas surrendered peacefully.

Mr. Douglas vehemently denies all of the allegations contained in the complaint. He is willing to waive his right to an identity hearing to fight the charges in this case. Due to his own medical problems and those of his aunt Patricia, he wishes to fight these charges while on bond.

### III.

### **RELEVANT LAW RELATED TO BOND**

As a general principle, pretrial detention is anathema to our justice system. See United States v. Motamedt, 767 F.2d 1403, 1405 (9th Cir. 1985). Indeed, "federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail." Id. (emphasis added). To this end, the Bail Reform Act "mandates release of a person facing trial under the least restrictive condition that will reasonably assure the appearance of the person as required." Id. And pretrial release can be denied only if "the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'"

United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)).

Moreover, all [d]oubts regarding the propriety of release should be resolved in favor of the defendant," "[o]nly in rare circumstances should release be denied," and the government always bears the "burden of proof." Motamedt, 767 F.2d at 1405-06. Ultimately, because "[a] crucial liberty interest is at stake," the district court "should always [its] discretion with the recognition that [] pretrial detention [] may restrict for a significant time the liberty of a presumably innocent person." United States v. Delker, 757 F.2d 1390, 1398-00 (3rd Cir. 1985). The Ninth Circuit has emphasized that, given "the presumption of innocence," a defendant's "right to bail should be denied only for the strongest of reasons." Motamedt, 767 F.2d at 1407.

### III.

### ARGUMENT

**THIS COURT CAN IMPOSE CONDITIONS THAT WILL REASONABLY ASSURE MR. DOUGLAS' APPEARANCE AND THE COMMUNITY'S SAFETY**

A. Mr. Douglas is Not a Flight Risk:

Mr. Douglas is a forty-eight (48) year old United States citizen who has lived in Escondido since his family moved to the area in 1990. He lives with his mother and aunt and will continue to do so while on pretrial release. His ties to

this community are strong.  Mr. Douglas also has family members residing in the Florida area.

Mr. Douglas has a full-time job waiting for him once he is released.  This full-time job involves the liquidation of a large estate, and it will likely take Mr. Douglas at least one year to accomplish this task.  Presuming he done a good job on this project, there may be more work for him with this company.

Mr. Douglas suffers from myriad health problems, including a serious spinal condition and knee issues that would keep him from fleeing to Mexico or elsewhere, even if he had the desire and wherewithal to do so.  Mr. Douglas has had criminal matters in the past and has never failed to show up for court as required.

Mr. Douglas initially fled from arresting agents in this case because he erroneously believed, based upon information supplied by the passenger in his vehicle, that the individuals following him may have been drug criminals.  It is of note that the arresting agents did not sound a siren or flash red-and-blue lights normally associated with law enforcement when initially trying to apprehend him.  Once Mr. Douglas realized that the individuals stopping him were law enforcement agents, he surrendered peacefully.

Mr. Douglas' aunt, Patricia, has resources for bond and has agreed to act as a surety on his behalf.

   **B.** <u>Mr. Douglas is Not a Danger to the Community</u>

   Mr. Douglas is not a danger to the community.  Aside from one aspect of the unproven charges against him contained in the complaint, which he vehemently denies, there is nothing in the record to indicate that Mr. Douglas presents any danger to the community.  Such unproven charges do not constitute a sufficient basis for determining by "clear and convincing evidence" that Mr. Douglas is a danger to the community.  Moreover, there are other means, including GPS monitoring, that could be used to ameliorate both the danger of flight and the risk of harm to the community that fall short of the extreme remedy of detention without bond.

   **C.** <u>Mr. Douglas is in Danger While in Custody</u>

   Mr. Douglas suffers from a thinning of his spinal court in the cervical region of his spine.  This thinning of his spinal cord will necessitate surgery for Mr. Douglas to avoid paralysis or even death.  This condition could also result in paralysis or death if Mr. Douglas is jostled or assaulted.  Mr. Douglas, due to the nature of the charges against him, has already been physically assaulted three times while in custody.  Any further physical assault could potentially be deadly.

   In addition, should Mr. Douglas be transported via the Marshals' system from southern California to Florida, he will inevitably be subjected to jostling and bumps along the way, any one of which could cause paralysis or even death.  He

is in no danger of this if he is allowed to travel to Florida of his own accord to answer the charges in this case.

Further, Mr. Douglas will not receive adequate medical care while in custody. Putting aside the care he needs for his knees, according to his most recent medical evaluation he will need surgery to protect his thinning spinal cord in a year to eighteen (18) months to avoid paralysis. He is very unlikely to receive this surgery while in custody. Thus, holding him without bond is in effect condemning him to at least paralysis.

### III.

### CONCLUSION

In sum, Mr. Douglas is not a risk of flight. He has strong ties to this community and is needed by his relatives. He also needs surgery to forestall the progress of his own medical condition. He is not a danger to the community, but is in danger of paralysis or death while in custody due to continued assaults against him, or due to the inevitable bumping and jostling that will accompany his travel in Marshals' custody to Florida.

Given all of these facts, this Court should grant Mr. Douglas bond, along with GPS monitoring, to allow him to live and care for his relatives, receive his own needed medical care, and travel to and from Florida to fight the charges pending against him.

| | | |
|---|---|---|
| 1 | Dated: January 22, 2024 | Respectfully submitted, |
| 2 | | s/ JOHN D. KIRBY |
| 3 | | JOHN D. KIRBY<br>Attorney for Defendant |
| 4 | | MICHAEL G. DOUGLAS<br>Email: jkirby@johnkirbylaw.com |

9

US v. Douglas 23-MJ-4483-MSG

```
JOHN D. KIRBY (CA Bar No. 149496)
110 W A Street, Suite 1100
San Diego, CA 92101
Tel (619)557-0100 Fax (619)557-0123
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL G. DOUGLAS,<br><br>    Defendant, | Case No. 21-MR-04833-JLB-CAB<br><br>**PROOF OF SERVICE** |

I, the undersigned, hereby declare as follows:

1. I am over 18 years of age, a resident of the County of San Diego, State of California, counsel for the Defendant and that my address is 401 West A Street, Suite 1150, San Diego, CA 92101;

2. That today I served the Motion for Bail on opposing counsel by causing to be delivered by e-file to the Office of the Clerk; and that I mailed a copy to Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 22, 2024          /S/John D. Kirby
                                                   John D. Kirby