UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80219-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**MICHAEL GORDON DOUGLAS**,

    Defendant.
_____/

**ORDER GRANTING GOVERNMENT'S APPEAL OF BOND ORDER
AND ORDERING PRETRIAL DETENTION**

**THIS CAUSE** comes before the Court upon the Government's Appeal of Magistrate Judge Michael S. Berg's Order Granting Bond Following Initial Pre-Trial Detention Order ("Appeal") [ECF No. 10]. The Court has considered the Appeal, Defendant's Opposition [ECF No. 15], the initial Detention Order issued by Judge Berg in the Southern District of California [ECF No. 10-2 (Dec. 19, 2023)], the subsequent Pretrial Release Order [ECF No. 10-8 (Jan. 25, 2024)], and the full record—including the Complaint [ECF No. 1], the Indictment [ECF No. 7], the transcripts of the pre-trial detention and bond hearings [ECF Nos. 10-3, 10-7], and the pretrial services report and addendum.[1] The Court also held a hearing on the Appeal on March 5, 2024 [ECF No. 21].

For the reasons set forth in open Court and reiterated below, and considering all of the factors to be weighed along with the statutory presumption applicable to the charged child

---

[1] U.S. Probation in the Southern District of California and in the Southern District of Florida recommend detention based on danger and risk of flight. The pretrial services reports from both districts are hereby made part of the sealed record in this proceeding.

pornography offenses, *see* 18 U.S.C. § 3142(e), (g), the Government's Appeal [ECF Nos. 10, 15] is **GRANTED**.  Magistrate Judge Berg's initial Detention Order was correct and did not merit reconsideration.  In any event, considering all of Defendant's submissions, the Government has established that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance at future court proceedings.  *See* 18 U.S.C. § 3142(c), (e).  Pretrial detention is warranted.

## BACKGROUND

On December 19, 2023, a grand jury sitting in the Southern District of Florida returned an Indictment charging Defendant Michael Gordon Douglas, also known as Michael or "DaddyBreedsFam," with seven counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) [ECF No. 1].  The Indictment followed a federal Complaint and accompanying affidavit issued on December 3, 2023 [S.D. Fla. 23-mj-8589-RMM (ECF No. 1)].  As a result of Defendant's prior California felony conviction for distribution of child pornography, each of the seven counts alleged in the Indictment carries a mandatory minimum sentence of fifteen years' imprisonment and a statutory maximum sentence of forty years' imprisonment.  The estimated advisory guideline range is 210 to 252 months' imprisonment, if convicted.

On December 19, 2023, following Defendant's arrest and initial appearance in San Diego, California, Defendant appeared for a pretrial identity and detention hearing before Magistrate Judge Berg of the United States District Court for the Southern District of California [ECF No. 10-3].[2]  The parties proceeded by factual proffer, after which Judge Berg ordered

---

[2] Defendant did not contest identity [ECF No. 10-7 p. 3].  The matter of identity is not at issue in this Appeal.

Defendant detained pre-trial based on danger and risk of flight [ECF No. 10-2]. The initial Detention Order noted Defendant's prior sex offense conviction; the strong weight of the evidence; the lengthy period of incarceration if convicted as noted above; Defendant's lack of stable employment or ties to the Southern District of Florida; and Defendant's dangerous attempt to evade law enforcement on December 12, 2023, the date of his arrest. On the latter point, as proffered during the hearing, Defendant engaged in a chase with Homeland Security Investigation (HSI) agents and then, after being "boxed in" in a parking lot, proceeded to display a grenade and refused—for "a lengthy period of time," and after a bomb squad was called out—to let go of the grenade until eventually acquiescing [ECF No. 10-2]. The grenade was ultimately determined to be a dummy replica.

On January 22, 2024, about a month after the initial Detention Order, Defendant filed a motion for reconsideration before Judge Berg [ECF No. 10-4]. Defendant repeated many of the arguments he raised initially regarding his ties to California and the availability of employment if released. Defendant also referenced for the first time the following additional information: (1) unspecified family members in Florida as a reason to find community ties; (2) a recent health episode suffered by his relative whom he cares for; (3) alleged assaults he suffered while in custody; and (4) arguments about his cervical condition and concerns about prison conditions affecting that condition and resulting in possible paralysis [ECF No. 18]. The Government filed an Opposition to Defendant's reconsideration request, arguing that reconsideration was not warranted because (1) Defendant's material circumstances remained unchanged, and (2) in any event, Defendant remained both a danger to the community and a serious flight risk [ECF No. 21].

On January 25, 2024, Judge Berg held a combined identity and bond hearing, ultimately

3

determining to reconsider his earlier detention decision and to issue a $100,000 bond secured by a trust deed to the United States, with additional conditions [ECF No. 10-7].[3] Judge Berg explained that he "took the new information as the illness to his mother and his back/neck injury" and agreed to reconsider his initial detention ruling [ECF No. 10-7 p. 11]. That same day, this Court granted the Government's expedited motion to stay the bond order, after which the Government filed the instant Appeal [ECF Nos. 8–9].[4] Defendant responded in opposition [ECF No. 15]. Neither party requested to reopen the hearing except for the limited purpose of accepting additional medical records, dated January 2024, from Defendant reflecting a diagnosis of "cervical radiculitis" [ECF No. 24]. **Defendant still has not filed the subject medical records and must do so, under seal, no later than March 19, 2024**.

This Order follows.

## LEGAL STANDARD

Section 3145 of the Bail Reform Act contains a mechanism by which the government and defendants may appeal a release or detention order. 18 U.S.C. § 3145(c). "Review by the district court contemplates an 'independent consideration of all facts properly before it.'" *United States v. Megahed*, 519 F. Supp. 2d 1236, 1241 (M.D. Fla. 2007) (quoting *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987)); *United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985).

Pursuant to 18 U.S.C. § 3142(b), the Court must order the pretrial release of the

---

[3] These conditions include surrendering his passport, maintaining full employment, living with a family member, avoiding contact with witnesses/victims, mental health treatment/counseling at discretion of Pretrial Services, internet restrictions, no contact with minors, and participation in computer monitoring, among other requirements [ECF No. 10-8].

[4] Defendant since has been arraigned on the Indictment [ECF No. 19].

defendant "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).  In a case like this one, however, where the offense involves a minor victim, *see* 18 U.S.C. § 2422, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3).  This statutory presumption imposes only the burden of production on Defendant and does not shift the burden of persuasion concerning risk of flight and danger.  *Hurtado*, 779 F.2d at 1478.  To meet that ultimate burden, the government still must establish risk of flight by a preponderance of the evidence and danger to the community by clear and convincing evidence.  *See United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

In deciding whether there are conditions of release that reasonably will assure the appearance of the Defendant and the safety of the community, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## DISCUSSION

The Court has conducted a *de novo* review of the entire record and agrees with the Government and Pre-Trial Services (in this District and in the Central District of California) that no set of conditions reasonably can assure the safety of the community or Defendant's appearance at court proceedings.

First, as a threshold matter, the Court determines that Defendant provided an insufficient basis to reconsider Judge Berg's initial detention order. Judge Berg agreed to reconsider the matter of detention after considering the illness of Defendant's relative and Defendant's back/neck injury [ECF No. 10-7 p. 11]. Neither item warranted reassessment, for the reasons explained in the Government's Opposition [ECF No. 10-6 pp. 5–7].

Second, and in any event, detention remains warranted for all of the reasons originally cited in Judge Berg's Initial Detention Order and as reaffirmed by a review of the full record [ECF No. 10-2]. The nature and circumstances of the alleged offenses are extremely serious and rooted in a strong evidentiary showing [ECF No. 10-3 pp. 3–4 (referencing "direct evidence of the defendant's guilt from his communications with the UCA")].[5] As set forth in the Complaint and proffered at the detention hearing, Defendant engaged in a series of communications with an undercover agent throughout October and November 2023 in an incest-related chatroom. Going by the moniker "DaddyBreedsFam," Defendant stated that he had been engaging in sexual acts with his daughter since she was six years old; sent pictures of

---

[5] Nothing in this Order should be construed to undermine Defendant's presumption of innocence.

6

child exploitation to the UC; said that he had "gone all the way" and sexually penetrated his daughter's vagina after she "wince[d]" and "shook"; sent additional videos of adults engaged in sex acts with minor children; provided various pieces of identifying information about himself; made additional statements about raping his children and making preparations to rape UC's 8-year old child, referencing his desire to "breed" children, and specifying specific tools he would use to penetrate the child; and then made arrangements to meet the UC's 8-year old daughter for sex at a hotel. These allegations reflect Defendant's sexual interest in raping children and his repeated distribution of images/videos of child sexual exploitation. Then there is the matter of Defendant's risk of flight and his conduct on the date of his arrest, which as stated, involved Defendant fleeing from HSI agents and engaging in a dangerous standoff in a parking lot with a grenade in his hand (later determined to be fake). To add to this mix, Defendant has a prior conviction for distributing and possessing child pornography for which he served five years' probation [ECF No. 1 pp. 17–18]; he has a history of recent cocaine and meth use which he appears to have lied about under oath in his sworn declaration before Judge Berg;[6] he lacks stable employment; and although he has some family ties in California, he lacks any ties to this District. All of this information strongly supports the Government's position that detention is warranted based on danger and risk of flight. And it remains strong despite Defendant's "cervical radiculitis" condition, a condition Defendant indicates he has suffered from for years, even if prone to worsening.

Under these circumstances, no set of conditions reasonably can assure the safety of the community or Defendant's appearances at future court appearances. The release proposal as contemplated in the Bond Order is to have Defendant live on home detention with location

---

[6] [ECF No. 10-5 (asserting that he "ha[d] not used any illicit drugs since 2011" but then advising Probation that he used cocaine and meth within days of his arrest)].

7

monitoring and a no-computer restriction, presumably at the same residence he was living in during the alleged offenses.  These measures lack sufficient accountability under the circumstances, and regardless, must be weighed against Defendant's volatile conduct on the date of his arrest; his recent history of meth and cocaine use; his lack of credibility as displayed in the declaration; his minimal community and employment ties; his prior child pornography conviction; and the overall weight of the evidence.  All told, the plan contemplated in the bond order poses too high a risk that Defendant will continue to trade in child pornography, take steps to satiate his sexual desire in children, or flee from prosecution given the weight of the evidence and the significant sentence he faces if convicted.

***

Accordingly, it is **ORDERED AND ADJUDGED** that the Government's Appeal [ECF Nos. 10, 15] is **GRANTED**.  The Bond Order is **REVOKED** [ECF No. 10-8].  Defendant is committed to the custody of the Attorney General for confinement pending trial and must be afforded reasonable opportunities for private consultation with counsel.  18 U.S.C. § 3142(i).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 18th day of March 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record