UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80219-CR-CANNON

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL GORDON DOUGLAS, | ) |
| | ) |
| Defendant, | ) |
| _____ | ) |

**MOTION TO SUPPRESS DEFENDANT'S POST-ARREST STATEMENTS**

COMES NOW Defendant, MICHAEL GORDON DOUGLAS (DOUGLAS), by and through counsel, John D Kirby, Esq., pursuant to the Fifth and Sixth Amendments to the United States Constitution, and files this motion to suppress any and all statements made by him to law enforcement officers on or about December 12, 2023, or on any other occasion. In support of this Motion, Defendant submits the following:

Beginning on or about October 3, 2023, an HIS undercover Special Agent ("UC"), received a private message on a "Kik" internet application from a user the government has alleged was Defendant DOUGLAS. After a series of conversations, during which the user allegedly identified as DOUGLAS sent several sexually explicit photos and videos, the UC and the Kik user agreed to meet at a location in Carlsbad, California. On December 12, 2023, DOUGLAS was arrested while

driving a gray 2000 Highlander, California License Plate Number 5XLE531, registered to his aunt Patricia Douglas. Agents conducted a warrantless search of the Highlander DOUGLAS was driving, and seized several items the government intends to introduce at DOUGLAS'S trial.

Subsequent to DOUGLAS'S arrest, agents questioned DOUGLAS for more than one hour. Prior to questioning him, agents did advise DOUGLAS of his *Miranda* rights, but they at no point received an oral or written waiver from DOUGLAS of those rights. In addition, approximately thirty-six minutes into the interview DOUGLAS invoked his right to counsel, after which agents should have immediately ceased their questioning of him.

The defense believes the government intends to introduce some portion of DOUGLAS'S post-arrest statements in its case-in-chief.

Prior to introducing any statement attributed to a defendant, the burden is on the Government to demonstrate that such a statement was made freely and voluntarily. *Jackson v. Denno*, 378 U.S. 368 (1969). A defendant's statement shall be deemed voluntary if the totality of the circumstances shows it to be the "product of an essentially free and unconstrained choice by the maker." *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961).

DOUGLAS's statements cannot be used at trial unless the government can show that the statements were a product of his rational intellect and free will. *Mincey v. Arizona*, 437 U.S. 385, 398 (1978). A court's finding that a confession is voluntary "must appear from the record with unmistakable clarity." *Sims v. Georgia*, 385 U.S.

538,544, 87 S. Ct. 639,643, 17 L.Ed.2d 593 (1967).   A criminal defendant is deprived of due process if his conviction rests in full or in part upon an involuntary confession. *See Jackson, supra; United States v. Davidson*, 768 F.2d 1266 (11th Cir. 1985); *Martinez v. Estelle*, 612 F.2d 173, 176-77 (5th Cir. 1980).   The hearing mandated under *Jackson, supra*, "must afford the defendant an opportunity to testify regarding the inculpatory statement out of the jury's presence without prejudice to his right not to take the stand in his defense." *Jarrell v. Balkcom*, 735 F.2d 1242, 1252-53 (11th Cir. 1984).

The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized." *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). In order to protect this privilege, the Supreme Court has set forth procedural safeguards which require, inter alia, that prior to custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires." *Id*. at 479; *Jacobs v. Singletary*, 952 F.2d 1282, 1291 (11th Cir. 1992).

The government bears the burden of demonstrating that the Miranda warnings were properly given, <u>and</u> that the defendant subsequently made a knowing and intelligent waiver. *Colorado v. Connelly*, 107 S. Ct. 515 (1986); *Teague v. Louisiana*, 444 U.S. 469 (1980). "Once warnings have been given, ... [if the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Pena,* 897 F.2d at 1080-81. "The police must

equally honor equivocal and clear invocations [of a suspect's right to remain silent]." *Delap v. Dugger*, 890 F.2d 285, 290 (11th Cir. 1989); *Jacobs*, 952 F.2d at 1291.

The Fifth Amendment of the United States Constitution prohibits the use of an involuntary confession against a defendant in a federal criminal trial. U.S. Const. Amend. V; *Dickerson v. United States*, 530 U.S. 428, 433, 120 S. Ct. 2326, 147 L. Ed. 2d 405 (2000); *Bram v. United States*, 168 U.S. 532, 542, 18 S. Ct. 183, 42 L. Ed. 568 (1897).

In *Miranda*, the Supreme Court recognized the need to further safeguard the privilege against self-incrimination by requiring that *Miranda* warnings, or other fully effective means, be given to subjects of custodial interrogations. *Miranda*, 384 U.S. at 478-79; *see also Dickerson*, 530 U.S. at 442-43 (rejecting Congress's attempt through 18 U.S.C. § 3501 to reinstate the totality test as sufficient). The "*Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." *R.I. v. Innis*, 446 U.S. 291, at 300-01 (1980).

A defendant may waive his *Miranda* rights "provided the waiver is made voluntarily, knowingly and intelligently." *Miranda*, 384 U.S. at 444. The waiver inquiry is two-pronged. "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986). "An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S. Ct. 1755, 60 L.

Ed. 2d 286 (1979); *see also United States v. Beckles*, 565 F.3d 832, 840 (11th Cir. 2009) (same).

In addition, approximately thirty-six (36) minutes into their interrogation of DOUGLAS, he unequivocally invokes his right to counsel. It is blackletter law that all questioning of a defendant must cease once he invokes his right to counsel. *United States v. Acosta,* 363 F.3d 1141, 1151 (11th Cir. 2004). Therefore, on this ground alone, all statements made by DOUGLAS once he had invoked his right to counsel must be suppressed.

## NOTICE OF COMPLIANCE WITH LOCAL RULES

The undersigned counsel have conferred this date with Assistant United States Attorney Gregory Schiller with respect to the three Motions that are filed this date. AUSA Schiller has advised that the Government is opposed to the granting of these Motions.

## CONCLUSION

For the reasons set forth above, the defendant requests that all post-arrest statements made by defendant DOUGLAS be suppressed.

Dated this 5th day of July 2024

                                                      Respectfully submitted,

/s/John D. Kirby, Esq.                                          *John R. Howes, Esq.*

                                                          John R. Howes, Esq.

                                                  Counsel for the Defendant

Michael Gordon Douglas

| | |
|---|---|
| */s/ John D. Kirby, Esq.* | *John R. Howes, Esq.* |
| John D. Kirby, Esq. | John R. Howes, Esq. |
| 401 W. A Street | Howes Law Group, P.A. |
| Suite 1150 | 110 SE 6th St., Suite 1700 |
| San Diego, CA 92101 | Ft. Lauderdale, FL  33301 |
| 610-557-0100 | Phone:  954.328.2358 |
| California Bar No. 149496 | Florida Bar No. 0219193 |
| jkirby@johnkirbylaw.com | Email:  FloridaLawyer@outlook.com |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Suppress Post Arrest Statements has been furnished by Electronic Delivery using CM/ECF and to Assistant United States Attorney Gregory Schiller, Esq. at Gregory.schiller@usdoj.gov, to John D. Kirby, Esq. at jkirby@johnkirbylaw.com this 5th day of July, 2024.

*John R. Howes, Esq.*
John R. Howes, Esq.