UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80219-CR-CANNON

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL GORDON DOUGLAS, | ) |
| | ) |
| Defendant, | ) |
| _____ | ) |

**MOTION TO EXLUDE EVIDENCE OF PRIOR CONVICTION FROM ADMISSIBILITY UNDER FEDERAL RULE OF EVIDENCE 404(b).**

COMES NOW Defendant, MICHAEL GORDON DOUGLAS (DOUGLAS), by and through counsel, John D Kirby, Esq., pursuant to the Federal Rules of Criminal Procedure, Rule 404(b) files this motion to exclude introduction at trial of evidence of his prior conviction. In support of this Motion, DOUGLAS submits the following:

DOUGLAS was convicted of distribution of child pornography and attempting to send harmful material to a minor on April 27, 2011, more than thirteen years prior to the charged offense in this case. Evidence of DOUGLAS'S prior conviction is not part of the offenses charged and does not pertain to the chain of events explaining the context, motive, and set up of the charged offenses. It is

not properly admissible under Federal Rule of Evidence 404(b), and should in any event be excluded under Federal Rule of Evidence 403 because its unfair prejudice far outweighs any potential probative value.

The Eleventh Circuit has held that "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, may be admitted if linked in time and circumstances with the charged crime, or if it forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (citing *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985).

In this instance DOUGLAS's prior conviction is not linked in time and circumstances with the charged offenses, does not form an integral and natural part of an account of the charged offenses, and is not necessary to complete the story of the crime for the jury.  It is a thirteen-year-old conviction that is extremely remote in time and is not properly admissible under Rule 404(b).

Rule 404(b) evidence is subject to a three-part test for admissibility: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof that a jury could find by a preponderance of the evidence the defendant committed the act; and (3) the probative value must not be

substantially outweighed by its undue prejudice, as per Federal Rule of Evidence 403. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

"To establish relevance under the first prong where testimony is offered as proof of intent, it must be determined that the extrinsic offense requires the same intent as the charged offense." *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) (quotations omitted). The "same intent" requirement will be satisfied if the prior act and the charged crime "involve the same mental state." *Id.* However, evidence of a prior bad act involving the same subject matter will not necessarily translate to same intent. *See United States v. Marshall*, 173 F.3d 1312, 1317 (11th Cir. 1999).

Additionally, even substantially similar conduct may not necessarily be indicative of the same intent. *See United States v. Dothard*, 666 F.2d 498, 503 (11th Cir. 1982) (holding because it was unclear what defendant's intent was at the time he made a prior misstatement while procuring a driver's license, the prior misstatement was insufficient to show the defendant had an intent to deceive when making the misstatements for which he was charged).

Here, based upon the charges set forth in the Complaint, it is unclear whether DOUGLAS'S intent upon which the 2011 conviction is based is similar to the intent charged in this case. Specifically, it is unclear whether, under the facts leading up to the 2011 conviction, DOUGLAS intended to convince the supposed teenaged girl to actually meet with him, or to simply connect with him. Similarly, the age difference

between the supposed teenaged girl DOUGLAS allegedly believed he was communicating with in that case and the much younger child the government alleges was the intended victim in this case evidences an altogether different intent.

Regarding the second prong of the 404(b) analysis, there must be sufficient evidence for a jury to find the defendant committed the extrinsic act the Government alleges. *See United States v. Beechum*, 582 F.2d 898, 903 n.1 (5th Cir. 1978). If the Government can make its case without such additional extrinsic evidence, the fairness doctrine dictates this type of evidence should not be allowed into a trial. *United States v. Mathews*, 431 F. 3 1296, 1312 (11th Cir. 2005) (evidence should be essential to obtain a conviction before allowed into a trial).

With regard to the third prong of the analysis, "whether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense." *Edouard*, 485 F.3d at 1345 (quotations omitted).

Even if this Honorable Court rules that DOUGLAS'S 2011 conviction is admissible under Rule 404(b), the evidence must still pass a Rule 403 balancing test. *United States v. Richardson*, 764 F.2d 1514, 1522 (11th Cir. 1985).  It does not pass this test, as any possible probative value is substantially outweighed by the prejudicial effect on the jury.

Relevant evidence shall be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013).

DOUGLAS's prior conviction, which predates the time frame in the indictment by almost thirteen years, is the very definition of evidence whose probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Evidence of a prior conviction that predates the time frame of the indictment is irrelevant and will have an undue tendency to suggest a decision on an improper basis – an emotional one. *Old Chief v. United States*, 519 U.S. 172 (1997).

## CONCLUSION

DOUGLAS respectfully requests this court to deny the Government's motion to introduce Rule 404(b) evidence at trial for the reasons stated above.

Dated this 5th day of July 2024.

Respectfully submitted,

| | |
|---|---|
| */s/ John D. Kirby, Esq.* | *John R. Howes, Esq.* |
| John D. Kirby, Esq. | John R. Howes, Esq. |
| 401 W. A Street | Howes Law Group, P.A. |
| Suite 1150 | 110 SE 6th St., Suite 1700 |
| San Diego, CA 92101 | Ft. Lauderdale, FL  33301 |
| 610-557-0100 | Phone:  954.328.2358 |
| California Bar No. 149496 | Florida Bar No. 0219193 |
| jkirby@johnkirbylaw.com | Email:  FloridaLawyer@outlook.com |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Morion to Exclude Evidence of Prior Conviction From Admissibility Under Federal Rule of Evidence 404(b)  has been furnished by Electronic Delivery using CM/ECF and to Assistant United States Attorney Gregory Schiller, Esq. at Gregory.schiller@usdoj.gov, to John D. Kirby, Esq. at jkirby@johnkirbylaw.com this 5th day of July, 2024.

*John R. Howes, Esq.*
John R. Howes, Esq.