UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80219-CR-CANNON

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL GORDON DOUGLAS, | ) |
| | ) |
| Defendant, | ) |
| _____ | ) |

**MOTION TO SUPPRESS EVIDENCE SEIZED FROM WARRANTLESS
SEARCH OF VEHICLE DOUGLAS WAS DRIVING WHEN ARRESTED**

COMES NOW Defendant, MICHAEL GORDON DOUGLAS (DOUGLAS), by and through counsel, John D Kirby, Esq., pursuant to the Fourth Amendments to the United States Constitution, and files this motion to suppress any evidence seized from a warrantless search of his aunt's, Patricia Douglas's, vehicle by law enforcement officers on or about December 12, 2023, or on any other occasion.

The defense anticipates that the government will seek to introduce evidence seized from his aunt's vehicle that was searched at some point on or about December 12, 2023, the date DOUGLAS was arrested on the aforementioned charges. Subsequent to his arrest, DOUGLAS's aunt's vehicle was searched without probable

cause, without a search warrant and without her consent by law enforcement officers.[1]

Agents violated the Fourth Amendment when they searched Patricia Douglas's vehicle without her consent, without a search warrant or probable cause. Any evidence seized therefrom must therefore be suppressed as fruits from an illegal search. The Fourth Amendment protects individuals from unreasonable searches and seizures. See U.S. Const. Amend. IV. When a defendant moves "to suppress evidence garnered through a warrantless search and seizure, the burden of proof as to the reasonableness of the search rests with the prosecution." *United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983) (emphasis removed).

To sustain this burden, the "Government must demonstrate that the challenged action falls within one of the recognized exceptions to the warrant requirement, thereby rendering it reasonable within the meaning of the [F]ourth [A]mendment." *Id*. Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357 (1967).

---

[1] The Government has produced what purports to be a waiver by Patricia Douglas allowing agents to search her Highlander. However, the undersigned has been advised that Ms. Douglas did not sign the waiver. The defense will therefore supplement this motion with a filed declaration by Ms. Douglas, signed under penalty of perjury, stating that she did not sign that waiver to search her vehicle.

One of these exceptions is the automobile exception. If there is probable cause to search a car, there is no need to show the existence of particular exigent circumstances. Under the automobile exception to the Fourth Amendment's warrant requirement, police may perform a warrantless search of a vehicle if probable cause exists to believe the vehicle contains contraband or evidence of criminal activity. *California v. Acevedo*, 500 U.S. 565, 580, 111 S. Ct. 1982, 114 L. Ed. 2d 619 (1991).

Probable cause exists to conduct a warrantless search "when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *United States v. Tamari*, 454 F.3d 1259, 1264 (11th Cir. 2006) (quotations omitted).

The touchstone of the Fourth Amendment is reasonableness. *United States v. Chanthasouxat*, 342 F. 3d 1271 (11th Cir. 2003) quoting *United States v. Knights*, 534 U.S. 112, 118 (2001). Thus, in order to determine whether or not a specific Fourth Amendment requirement such as probable cause or reasonable suspicion has been met, the court must determine if the officer's actions were reasonable. *Chanthasouxat* at 1275, citing *Ornelas v. United States*, 517 U.S. 690 (1996). In *Ornelas v. United States*, 517 U.S. 690 (1996), the Supreme Court noted that it had cautioned in the past with respect to reasonable suspicion and probable cause that they "'are not finely tuned standards'" comparable to the standard of proof beyond a reasonable doubt or of proof by a preponderance of the evidence." *Ornelas* at 696

quoting *Gates* supra at 232. "They are instead fluid concepts that take their substantive content from the particular contexts in which the standards are being assessed." *Id*.

Probable cause exists so long as the evidence as a whole creates a fair probability that the search will lead to the discovery of evidence of crime. *Gates, supra*, at 238. In this instance, probable cause did not exist nor was consent given to search the vehicle. Probable cause did not exist because there was no evidence to indicate that DOUGLAS had any items of evidence located in the Highlander when he was arrested. DOUGLAS did not indicate during his communications with the UC that he had any relevant items in his possession while he was driving the Highlander, and he did not make any statements post-arrest to indicate that any relevant evidence would be found in the Highlander.

Further, at no point did agents secure the consent, written or oral, from Patricia Douglas, DOUGLAS'S aunt and registered owner of the Highlander, to search the Highlander. DOUGLAS himself also did not consent to a search of the Highlander.

Finally, it is axiomatic that the Government has the burden proving that an exception exists to the warrant requirement by clear and convincing evidence. No such warrant has been supplied and no warrant exists for the searches that are the crux of this Motion. Again, that burden is on the Government. *See:*  *McDonald v.*

*United States*, 335 U.S. 451, 456, 69 S.Ct. 191, 193, 93 L.Ed. 153 (1948); *United States v. Jeffers*, 342 U.S. 48, 51, 172 S.Ct. 93, 95, 96 L.Ed. 59 (1951); *Chimel v. California; U.S. v. Santa*, 236 F.3d 662 (11th Cir. 2000). "The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search . . . and of testimony concerning knowledge acquired during an unlawful search." *Murray v. United States*, 487 U.S. 533, 536, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988).

## CONCLUSION

DOUGLAS respectfully requests this court to suppress any evidence seized from his mother's vehicle for the reasons stated above.

Dated this 5th day of July 2024

                                            Respectfully submitted,

/s/John D. Kirby, Esq.

                                            John R. Howes, Esq.

                    Counsel for the Defendant
                    Michael Gordon Douglas

| | |
|---|---|
| */s/ John D. Kirby, Esq.* | John R. Howes, Esq. |
| John D. Kirby, Esq. | Howes Law Group, P.A. |
| 401 W. A Street | 110 SE 6th St., Suite 1700 |
| Suite 1150 | Ft. Lauderdale, FL 33301 |
| San Diego, CA 92101 | Phone: 954.328.2358 |
| 610-557-0100 | Florida Bar No. 0219193 |
| California Bar No. 149496 | Email: FloridaLawyer@outlook.com |
| jkirby@johnkirbylaw.com | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Suppress Evidence Seized Form Warrantless Search of Vehicle Douglas was Driving When Arrested has been furnished by Electronic Delivery using CM/ECF and to Assistant United States Attorney Gregory Schiller, Esq. at Gregory.schiller@usdoj.gov, to John D. Kirby, Esq. at jkirby@johnkirbylaw.com this 5th day of July, 2024.

*John R. Howes, Esq.*
John R. Howes, Esq.