000010

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## NORTH COUNTY DIVISION

F I L E D
Clerk of the Superior Court

OCT 09 2008

By: ELAINE SABLAN, Deputy

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

MICHAEL GORDON DOUGLAS,

*dob 09,████/76, Booking No. 06458187A;*

Defendant

CT No.  CN221675
DA No.  OAY233

SECOND AMENDED
COMPLAINT-FELONY

| INFORMATION |
|---|
| Date: ___10-9-08___ |

## PC296 DNA TEST STATUS SUMMARY

| Defendant | DNA Testing Requirements |
|---|---|
| DOUGLAS, MICHAEL GORDON | DNA sample required upon conviction |

## CHARGE SUMMARY

| Count | Charge | Issue Type | Sentence Range | Special Allegations | Allegation Effect |
|---|---|---|---|---|---|
| 1 | PC311.1(a) DOUGLAS, MICHAEL GORDON | Felony | 16-2-3 | | |
| 2 | PC311.1(a) DOUGLAS, MICHAEL GORDON | Felony | 16-2-3 | | |
| 3 | PC311.1(a) DOUGLAS, MICHAEL GORDON | Felony | 16-2-3 | | |
| 4 | PC311.11(a) DOUGLAS, MICHAEL GORDON | Felony | 16-2-3 misd | | |
| 5 | PC664\PC288.2(b) DOUGLAS, MICHAEL GORDON | Felony | (8-1-½) | | |

PC1054.3                                    INFORMAL REQUEST FOR DISCOVERY

The undersigned, certifying upon information and belief, complains that in the County of San Diego, State of California, the Defendant(s) did commit the following crime(s):

## CHARGES

### COUNT   1 - DISTRIBUTE MATTER DEPICTING PERSON UNDER 18 IN SEXUAL CONDUCT

On or about and between February 28, 2006 and August 31, 2006, MICHAEL GORDON DOUGLAS did, knowing the matter depicts a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code section 311.4(d), knowingly distributed the matter, production of which involved the use of a person under the age of 18 years (to wit: posted images on Yahoo under shaggys_dope) in violation of PENAL CODE SECTION 311.1(a).

### COUNT   2 - DISTRIBUTE MATTER DEPICTING PERSON UNDER 18 IN SEXUAL CONDUCT

On or about March 13, 2006, MICHAEL GORDON DOUGLAS did, knowing the matter depicts a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code section 311.4(d), knowingly distributed the matter, production of which involved the use of a person under the age of 18 years (to wit: sent images shaggys_dope images to angel_babysa) in violation of PENAL CODE SECTION 311.1(a).

### COUNT   3 - DISTRIBUTE MATTER DEPICTING PERSON UNDER 18 IN SEXUAL CONDUCT

On or about August 9, 2006, MICHAEL GORDON DOUGLAS did, knowing the matter depicts a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code section 311.4(d), knowingly distributed the matter, production of which involved the use of a person under the age of 18 years (to wit: sent shadowphototrader images to angel_babysa) in violation of PENAL CODE SECTION 311.1(a).

### COUNT   4 - POSSESS MATTER DEPICTING PERSON UNDER 18 IN SEXUAL CONDUCT

On or about November 27, 2006, MICHAEL GORDON DOUGLAS did unlawfully, knowing the matter depicts a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code section 311.4(d), knowingly possess and control the matter, production of which involved the use of a person under the age of 18 years, in violation of PENAL CODE SECTION 311.11(a).

000012

# CHARGES (cont'd)

## COUNT  5 - ATTEMPT HARMFUL MATTER SENT TO MINOR VIA ELECTRONIC MEANS

On or about and between February 14, 2006 and August 9, 2006, MICHAEL GORDON DOUGLAS did, knowing a person was a minor, knowingly and unlawfully attempt to distribute, send, cause to be sent, exhibit and offer to distribute and exhibit by electronic mail, the internet (as defined in Section 17538 of the Business and Professions Code) and a commercial on line service, harmful matter as defined in Penal Code section 313, to a minor with the intent of arousing, appealing to, and gratifying the lust, passions and sexual desires of the defendant and of a minor, and with the intent and purpose of seducing a minor in violation of PENAL CODE SECTION 288.2(b) and PENAL CODE SECTION 664.

──────────────────────────────

NOTICE: Any defendant named on this complaint who is on criminal probation in San Diego County is, by receiving this complaint, on notice that the evidence presented to the court at the preliminary hearing on this complaint is presented for a dual purpose: the People are seeking a holding order on the charges pursuant to Penal Code Section 872 and simultaneously, the People are seeking a revocation of the defendant's probation, on any and all such probation grants, utilizing the same evidence, at the preliminary hearing. Defenses to either or both procedures should be considered and presented as appropriate at the preliminary hearing.

Pursuant to PENAL CODE SECTION 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by PENAL CODE SECTION 1054.3.

The People reserve the right to amend the accusatory pleading to further allege any and all facts in aggravation in light of Cunningham v. California (2007).

Sheriff's records indicate that as of the booking date one or more defendants have not yet provided a DNA sample to the DOJ database.  Pursuant to Penal Code Section 296(e), the court shall order collection of DNA from the defendant(s) if advised by the prosecuting attorney that a sample is required but has not been provided by the defendant.  Pursuant to Penal Code sections 296/296.1, if not already required from a past conviction, any defendants who have not done so will be required to provide a sample upon conviction of this felony offense.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER CN221675, CONSISTS OF 5 COUNTS.

Executed at Vista, County of San Diego, State of California, on October 9, 2008.

_____
COMPLAINANT

INFORMATION

BONNIE M. DUMANIS
District Attorney
County of San Diego
State of California
by:

10 - 9 - 0 8
_____
Date

_____
Deputy District Attorney

**CLERK'S CERTIFICATE**

The foregoing __4__ page(s) is a true and
correct copy of ☑ the original ☐ a copy
on file with this office. It is ☑ the entire
document ☐ an excerpt from a document.

Clerk of the Superior Court

__3/4/24__ by __J. Gonzalez__

Date          Deputy

V S

000316

SCN221675 DA   DAY23301

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☐ CENTRAL   ☐ EAST   ☒ NORTH   ☐ SOUTH

DATE 04-27-11   AT 01:30 ☐M.   06458187   PROB HEAR-SENTENCING

PRESENT: HON HARRY M. ELIAS , JUDGE PRESIDING, DEPARTMENT 025

CLERK SUSAN SMITH C/Koger REPORTER L. Ryalls   CSR# 11771

REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112

Watanbe

THE PEOPLE OF THE STATE OF CALIFORNIA   DEPUTY DISTRICT ATTORNEY / DEPUTY ATTORNEY GENERAL

VS.

DOUGLAS   MICHAEL   G   B - P.D   Michael Washington

DEFENDANT   ATTORNEY FOR DEFENDANT (PD / APD / OAC / RETAINED)

VIOLATION OF 1- PC311.1(A) 2- PC311.1(A) 3- PC311.1(A) 4-PC311.11(A) 5- PC664-288.2

ENH(S) _____   INTERP. P.O.iK Parker ☒ON FILE / SWN. (6)

PRIOR(S) _____   LANGUAGE _____

DEFENDANT ☒PRESENT   ☐ SELF REPRESENTED   ☐ NOT PRESENT   ☐ NOT PRODUCED

**PROB. REV.** ☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS / DENIES A VIOLATION OF PROBATION _____   ☐ WAIVES HEARING.

PROBATION IS / REMAINS: FORMALLY / SUMMARILY ☐ REVOKED ☐ REINSTATED☐ MODIFIED ☐ CONT. ☐ SAME CONDITIONS ☐ TERMD. ☐ EXT. TO: _____

**JUDGMENT** ☐WAIVES ARRAIGNMENT. ☐ ARRAIGNED FOR JUDGMENT. ☒ IMPOSITION /EXECUTION OF SENTENCE IS SUSPENDED.

☒ PROBATION IS: ☐ DENIED ☒ GRANTED 5 YEARS (FORMAL) / SUMMARY TO EXPIRE 4-26-16 . ☐ CONVERTS TO SUMMARY PROB. _____

☒ COMMITMENT TO SHERIFF FOR 180 DAYS. STAYED TO _____ / PENDING SUCCESSFUL COMPL. OF PROBATION. ☐ PAROLE NOT TO BE GRANTED.

☐ PERFORM _____ ☐ DAYS PSP. ☐ HOURS VOL. WORK AT NONPROFIT ORG. SUBMIT PROOF TO PROBATION / COURT BY _____

☐ 4th AMENDMENT WAIVER: IMPOSED / REMAINS IN EFFECT. / DELETED. ☐ PROTECTIVE ORDER: ISSUED. / REMAINS IN EFFECT. / MODIFIED. / DELETED.

☐ FURTHER CONDITIONS ARE SET FORTH IN PROBATION ORDER. ☐ WORK FURLOUGH, REPORT _____ TO 5201 RUFFIN RD. STE R, SAN DIEGO 8:00 A.M.

☒ **COMMITMENT TO THE DEPT. OF CORRECTIONS & REHABILITATION** ☐ PER PC1170(d). ☐ DIVISION OF JUVENILE JUSTICE ☐ PER WI1737

FOR _____ LOWER /MIDDLE/ UPPER / INDETERMINATE TERM OF 2 YEARS / MONTHS / TO LIFE STAYED☒

ON COUNT 1 CODE & NO. PC311.1(a) ☐ PRINCIPAL COUNT. ☐ STIPULATED SENTENCE.

☐ SENTENCE PER PC667(b)-(i)/1170.12. ☐ NOTICE OF FIREARMS PROHIBITION GIVEN PER PC12021. ☒ PC296

☐ NO VISITATION PER PC1202.05. VICTIM IS UNDER 18 YRS. OF AGE. ☐ TO COMPLY WITH NOTICES. ☐ HIV TEST PER PC1202.1.

☒ DEFENDANT ADVISED RE: PAROLE /APPEAL RIGHTS/ ☒ REGISTER PER ☒ PC290 ☐ HS11590 ☐ PC457.1 ☐ PC186.30

☒ DEFENDANT TO PAY: FINE OF $ 800 INCLUDING PENALTY ASSESSMENT. ☐ THEFT FINE [PC1202.5] OF _____

☒ COURT SECURITY FEE [PC1465.8] OF $ 200 . ☐BOOKING FEE [GC29550.1] OF $ 154

☒ CRIMINAL CONVICTION ASSESSMENT [GC70373] OF $ 150 . ☐ LAB ANALYSIS FEE [HS11372.5] OF _____

☐ PROB. HAVING BEEN FORMALLY REVOKED, THE PREVIOUS REST. FINE OF $ _____, SUSP. PER PC1202.44, IS NOW DUE.

RESTITUTION FINES: $ 200 PER PC1202.4(b) FORTHWITH [PC2085.5] $ 200 PER PC1202.44/PC1202.45 SUSPENDED UNLESS PROBATION/PAROLE REVOKED.

☐ **RESTITUTION TO VICTIM(S)** PER P.O.'s REPORT / RESTITUTION FUND [PC1202.4(f)] OF $ _____ / IN AN AMT. TO BE DETERMINED. ☐ JOINT & SEVERAL.

☐ AT COMBINED RATE OF $ 50 PER MONTH TO START 60 DAYS AFTER RELEASE / ON

☒ REPORT TO ☒ PROBATION ☒ REVENUE & RECOVERY ☐ COURT COLLECTIONS ☐ FORTHWITH. ☒ WITHIN 72 HRS. OF RELEASE FROM CUSTODY.

**PROCEEDINGS SUSPENDED** ☐ PER WI3051, ADDICTION OR DANGER OF ADDICTION. SERVICE OF PETITION: _____

☐ PER PC1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)

**FUTURE HEARINGS** WAIVERS: ☐ TIME FOR JUDGMENT. ☐ PRESENCE FOR RESTITUTION HRG. ☐ REFERRED FOR DIAGNOSTIC EVAL. PER PC1203.03. / WI707.2.

_____ CONTINUED TO / SET FOR _____ AT _____ IN DEPT. _____ ON MOTION OF

COURT / DDA / DEFENDANT / PROBATION OFFICER. REASON: _____

☐ TO BE HEARD CONCURRENTLY WITH PRELIMINARY HEARING IN CASE _____   ☐ TO TRAIL CASE(S) _____

**CUSTODY STATUS** ☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL. ☐ WITH BAIL SET AT $ _____

☐ MAY BE RELEASED TO REP. OF PD / PROB./APPROVED RES. TREATMENT PROG. ☐ STAY / SERVE BAL. OF CUST. ☐ WHEN BED AVAIL. ☐ AFTER _____ CUSTODY.

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY THIS CASE ONLY ☐ ON PROBATION. ☐ ON OWN / SUPERVISED RECOGNIZANCE. ☐ ON DEJ.

☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ _____. ☐ ON PROBATION. ☐ ON DEJ. ☐ ON OWN / SUPERVISED RECOGNIZANCE.

**BONDS / WARRANTS** ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ _____. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO _____

☐ BENCH WARRANT ISSUED / ORDERED _____ IS RECALLED / RESCINDED.

☐ DECLARATION OF NON-COLLUSION & RE-ASSUMPTION OF LIABILITY FILED. ☐ BAIL FORF. IS SET ASIDE. ☐ BAIL ☐ REINSTATED ☐ EXONERATED ☐ FORFEITED

☐ UPON PAYMENT OF COURT COST $ _____ WITHIN 30 DAYS. ☐ COST WAIVED. BOND AMT $ _____ BOND NO. _____

BOND COMPANY _____ AGENT _____

**OTHER** ☐ ALL PROPERTY IMPOUNDED, SEIZED, OR HELD IN CUSTODY IN THIS CASE TO BE DISPOSED OF PER POSSESSING AGENCY'S POLICY.

☐ PROBATION: PREPARE SUPPLEMENTAL REPORT. / SUBMIT POST-SENT. REPORT TO CDCR PER PC1203c. ☐ SEE ATTACHED MINUTES FOR ADDITIONAL ORDERS.

☒ CONCURRENT WITH / CONSECUTIVE TO: SCD 226836 **CLERK:** ☒ REGISTRAR OF VOTERS. ☐ DMV ABSTRACT B.A.C. _____

to 2-4 MT 2YRS STAYED (EACH COUNT) CONCURRENT W/ COUNT 1

+ 5 1/3 MT 4 MONTHS STAYED

OTAL STAYED TERM 2YR 4MONTHS ☒

☒ 2-15-12

**CREDIT FOR TIME SERVED**

Ø DAYS LOCAL

_____ DAYS STATE INST.

Ø DAYS PC4019 (b)(1)/(c)(1)

_____ DAYS PC4019(b)(2)/(c)(2)

Ø DAYS PC2933.1

Ø TOTAL DAYS CREDIT

Date: _____   ATTEST A TRUE COPY, Clerk of the Superior Court by _____ Deputy

Distribution by CWK on 4/27/11 to JAIL DEFT. ATTY. PROS. PROB. R&R Other: _____

**FELONY MINUTES – PRONOUNCEMENT OF JUDGMENT**

SDSC CRM-002B (Rev. 5/10)

CLERK'S CERTIFICATE

The foregoing _____ page(s) is a true and correct copy of ☑ the original ☐ a copy on file with this office. It is ☑ the entire document ☐ an excerpt from a document.

Clerk of the Superior Court

3/4/24     by   J. Gonzalez
Date                    Deputy

CR-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: | | F I L E D |
| FIRM NAME: | | Clerk of the Superior Court |
| STREET ADDRESS: | | |
| CITY: | STATE: | ZIP CODE: | MAY 1 9 2021 |
| TELEPHONE NO.: | FAX NO.: | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): | | |

| PEOPLE OF THE STATE OF CALIFORNIA | |
|---|---|
| v. | |
| DEFENDANT: MICHAEL GORDON DOUGLAS | DATE OF BIRTH: Sep ▓ 1976 |

| **ORDER FOR DISMISSAL**<br>(Pen. Code, §§ 17(b), 17(d)(2), 1203.4, 1203.4a, 1203.41, 1203.42, 1203.43, 1203.49) | CASE NUMBER:<br>SCN221675 |
|---|---|

The court finds from the records on file in this case, and from the foregoing petition, that the petitioner *(the defendant in the above-entitled criminal action)* is eligible for the following requested relief:

1. The court **GRANTS** the petition for reduction of a felony to a misdemeanor (maximum punishment of 364 days per Pen. Code, § 18.5) under Penal Code section 17(b) and/or for reduction of a misdemeanor to an infraction under Penal Code section 17(d)(2) and reduces

   a. ☐ ALL FELONY CONVICTIONS in the above-entitled action.

   b. ☐ ALL MISDEMEANOR CONVICTIONS in the above-entitled action.

   c. ☐ only the following convictions in the above-entitled action *(specify charges and date of conviction)*:

2. The court **DENIES** the petition for reduction of a felony to a misdemeanor under Penal Code section 17(b) and/or for reduction of a misdemeanor to an infraction under Penal Code section 17(d)(2) for

   a. ☐ ALL FELONY CONVICTIONS in the above-entitled action.

   b. ☐ ALL MISDEMEANOR CONVICTIONS in the above-entitled action.

   c. ☐ only the following convictions in the above-entitled action *(specify charges and date of conviction)*:

3. The court **GRANTS** the petition for dismissal regarding the following convictions under Penal Code *(check all that apply)*

   ☑ § 1203.4   ☐ § 1203.4a   ☐ § 1203.41   ☐ § 1203.42   ☐ § 1203.43   ☐ § 1203.49

   and it is ordered that the pleas of guilty or nolo contendere or verdicts or findings of guilt be set aside and vacated and a plea of not guilty be entered and that the complaint or information be, and is hereby, dismissed for *(check one)*

   a. ☐ ALL CONVICTIONS OR PLEAS FOR DEFERRED ENTRY OF JUDGMENT in the above-entitled action.

   b. ☑ only the following convictions or pleas for deferred entry of judgment in the above-entitled action *(specify charges and date of conviction or plea for deferred entry of judgment)*:   CT 5

Form Approved for Optional Use
Judicial Council of California
CR-181 [Rev. January 1, 2019]

**ORDER FOR DISMISSAL**

Penal Code, §§ 17(b), 17(d)(2), 1203.4, 1203.4a,
1203.41, 1203.42, 1203.43, and 1203.49
www.courts.ca.gov

**CR-181**

| PEOPLE OF THE STATE OF CALIFORNIA v. DEFENDANT:<br>MICHAEL GORDON DOUGLAS | CASE NUMBER:<br>SCN221675 |
|---|---|

4. The court **DENIES** the petition for dismissal under Penal Code *(check all that apply)*

☐ § 1203.4  ☐ § 1203.4a  ☐ § 1203.41  ☐ § 1203.42  ☐ § 1203.43  ☐ § 1203.49 for *(check one)*

   a. ☐ ALL CONVICTIONS OR PLEAS FOR DEFERRED ENTRY OF JUDGMENT in the above-entitled action.

   b. ☐ only the following convictions or pleas for deferred entry of judgment in the above-entitled action *(specify charges and date of conviction or plea for deferred entry of judgment):*

5. In granting this order under the provisions of Penal Code section 1203.49, the court finds that the petitioner was a victim of human trafficking when he or she committed the crime. The court orders *(check one)*

   a. ☐ the relief described in section 1203.4.

   b. ☐ the relief described in section 1203.4, with the following exceptions *(specify):*

6. If the order is granted under the provisions of Penal Code section 1203.49, the Department of Justice is hereby notified that petitioner was a victim of human trafficking when he or she committed the crime, and of the relief ordered.

7. If this order is granted under the provisions of Penal Code section 1203.4, 1203.41, or 1203.42,

   a. the petitioner is required to disclose the above conviction in response to any direct question contained in any questionnaire or application for public office, or for licensure by any state or local agency, or for contracting with the California State Lottery Commission; and

   b. dismissal of the conviction does not *automatically* relieve petitioner from the requirement to register as a sex offender. (See, e.g., Pen. Code, § 290.5.)

8. If the order is granted under the provisions of Penal Code section 1203.4, 1203.4a, 1203.41, 1203.42, or 1203.49, the petitioner is released from all penalties and disabilities resulting from the offense except as provided in Penal Code sections 29800 and 29900 (formerly sections 12021 and 12021.1) and Vehicle Code section 13555. In any subsequent prosecution of the petitioner for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The dismissal does not permit a person to own, possess, or have in his or her control a firearm if prevented by Penal Code sections 29800 or 29900 (formerly sections 12021 and 12021.1). Dismissal of a conviction does not permit a person prohibited from holding public office as a result of that conviction to hold public office.

9. In addition, as required by Penal Code section 299(f), relief under Penal Code sections 17(b), 17(d)(2), 1203.4, 1203.4a, 1203.41, 1203.42, or 1203.49 does *not* release petitioner from the separate administrative duty to provide specimens, samples, or print impressions under the DNA and Forensic Identification Database and Data Bank Act (Pen. Code, § 295 et seq.) if petitioner was found guilty by a trier of fact, not guilty by reason of insanity, or pled no contest to a qualifying offense as defined in Penal Code section 296(a).

| FOR COURT USE ONLY |
|---|
| |

10. The basis for an order of dismissal granted under the provisions of Penal Code section 1203.43 is the invalidity of defendant's prior plea due to misinformation in former Penal Code section 1000.4 regarding the actual consequences of making a plea and successful completion of a deferred entry of judgment program.

Date: **MAY 1 9 2021**

*(JUDICIAL OFFICER)* **BRAD A. WEINREB**

**CLERK'S CERTIFICATE**

The foregoing _2_ page(s) is a true and
correct copy of ☑the original ☐a copy
on file with this office. It is ☑the entire
document ☐an excerpt from a document.

Clerk of the Superior Court

3/4/24        by  _J. Gonzalez_

Date          Deputy

| LEAVE BLANK | CRIMINAL | | (STAPLE HERE) | | | LEAVE BLANK |
|---|---|---|---|---|---|---|

STATE USAGE

NFF SECOND

SUBMISSION   APPROXIMATE CLASS   AMPUTATION   SCAR

FBI NO. CABL1110-0046

STATE USAGE

This record has been recorded as being released pursuant to California Penal Code (CPC) 13100-13300 subsequent distribution of information contained is restricted by CPC 13303 SAN DIEGO COUNTY SHERIFF'S DEPT.

SIGNATURE OF PERSON FINGERPRINTED

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

DOUGLAS      MICHAEL      GORDON

SOCIAL SECURITY NO.

████0355

LEAVE BLANK

I, the undersigned Sheriff's Cal-ID/Ten Print Employee certify that the attached is a true and correct copy of the electronic fingerprint images filed in the CABIS database/archive of the San Diego County Sheriff's Department.

SHERIFF OF THE COUNTY OF SAN DIEGO

By: _____ Date: 3/1/24

ALIASES/MAIDEN

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| UNIVERSAL CONTROL NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 09-██-1976 | M | W | 511 | 180 | BRO | BRO |

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY      L. THUMB   R. THUMB      RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

**FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE**
**CRIMINAL JUSTICE INFORMATION SERVICES DIVISION, CLARKSBURG, WV  26306**

The FBI's acquisition, preservation, and exchange of identification information is generally authorized under 28 USC 534.  This FD-249 is to be used for criminal justice purposes, such as incident to arrests and incarcerations.  The Applicant form (FD-258) contains applicable Paperwork Reduction Act and Privacy Act notices and should be used for noncriminal justice purposes.  "A Social Security Account Number (SSAN) is helpful to keep records accurate because other people may have the same name and birth date.  Pursuant to the Federal Privacy Act of 1974 (5 USC 552a), any Federal, State, or local government agency which requests an individual to disclose his/her SSAN is responsible for informing the person whether disclosure is mandatory or voluntary, by what statutory or other authority the SSAN is solicited, and what uses will be made of it.."

| JUVENILE FINGERPRINT | DATE OF ARREST | ORI | CA0370000 |
|---|---|---|---|
| SUBMISSION          YES | MM  DD  YY | CONTRIBUTOR | CASOSAN DIEGO |
| TREAT AS ADULT      YES | 11-■-2006 | ADDRESS | |
| | | REPLY         YES DESIRED? | |

| SEND COPY TO: (ENTER ORI) | DATE OF OFFENSE  MM  DD  YY | PLACE OF BIRTH (STATE OR COUNTRY)  IL | COUNTRY OF CITIZENSHIP  US |
|---|---|---|---|

| MISCELLANEOUS NUMBERS | SCARS, MARKS, TATTOOS, AND AMPUTATIONS |
|---|---|

| | RESIDENCE/COMPLETE ADDRESS | CITY | STATE |
|---|---|---|---|

| OFFICIAL TAKING FINGERPRINTS (NAME OR NUMBER) (BROWN - HBROW1SH) 11292006 | LOCAL IDENTIFICATION/REFERENCE  6458187A | PHOTO AVAILABLE?      YES  |
|---|---|---|
| | | PALM PRINTS TAKEN?    YES |

EMPLOYER:    IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY.
             IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO.

OCCUPATION

| CHARGE/CITATION | DISPOSITION |
|---|---|
| 1. ARREST 001       311.1(A) PC    M SEND/SELL/ETC OBS MTR:MNR | 1. |
| 2. ARREST 001       311.11  PC    M POSS OBS MTR CHILD -14 | 2. |
| 3. ARREST 001       313.1(A) PC   F    WPR SEL/ETC HARM MAT:MNR W/PR | 3. |

I, the undersigned Sheriff's Cal-ID/Ten Print Employee certify that the attached is a true and correct copy of the electronic fingerprint images filed in the CABIS database/archive of the San Diego County Sheriff's Department.

**SHERIFF OF THE COUNTY OF SAN DIEGO**
By _____ Date: 3/1/24

| ADDITIONAL | ADDITIONAL |
|---|---|

CONFIDENTIAL
This record has been recorded as being released pursuant to California Penal Code (CPC) 13100-13300 subsequent distribution of information contained is restricted by CPC 13303
SAN DIEGO COUNTY SHERIFF"S DEPT.

ADDITIONAL INFORMATION/BASIS FOR CAUTION

STATE BUREAU STAMP

GPO  U.S. GOVERNMENT PUBLISHING OFFICE : 08/11/2020 03:27:04

*People v. Douglas, Not Reported in Cal.Rptr. (2012)*

2012 WL 6062557
Not Officially Published
(Cal. Rules of Court, Rules
8.1105 and 8.1110, 8.1115)
Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115, restricts
citation of unpublished opinions in California courts.

Court of Appeal, Fourth
District, Division 1, California.

The PEOPLE, Plaintiff and Respondent,
v.
Michael G. DOUGLAS, Defendant and Appellant.

D059950
|
Filed December 7, 2012

APPEAL from a judgment of the Superior Court of
San Diego County, Harry M. Elias, Judge. Affirmed.
(Super. Ct. No. SCN221675)

**Attorneys and Law Firms**

Marvin Eugene Mizell, Office of the Attorney General,
110 W A St Ste 1100, P.O. Box 85266, San Diego, CA
92101, for Plaintiff and Respondent.

Ava R. Stralla, P.O. Box 28880, San Diego, CA 92198,
for Defendant and Appellant.

**Opinion**

BENKE, Acting P. J.

**\*1** A jury convicted Michael G. Douglas of five
counts: three counts of distributing matter depicting a
person under the age of 18 engaging in sexual conduct
(🚩Pen.Code, [1] 🚩 § 311.1, subd. (a); counts 1, 2 and
3); one count of possessing matter depicting a person
under the age of 18 engaging in sexual conduct (🚩 §
311.1, subd. (a); count 4); and one count of attempting
to send harmful matter to a minor by electronic means
(§§ 664 & 288.2, subd. (b); count 5). The court
sentenced Douglas to prison for two years four months,
suspended execution of the sentence and granted
Douglas five years' formal probation conditioned on
him serving 180 days in county jail.

[1]   All statutory references are to the Penal
Code unless otherwise specified.

On appeal, Douglas contends the trial court should
have stayed his sentence on count 5 pursuant to
section 654, subdivision (a). We disagree and affirm
his judgment of conviction and sentence.

FACTUAL AND PROCEDURAL
BACKGROUND [2]

[2]   We view the evidence in the light most
favorable to the judgment. (🚩 *People
v. Gaut* (2002) 95 Cal.App.4th 1425,
1427.) Certain portions of the factual and
procedural history are discussed *post*.

Detective Anthony Smith from the San Antonio Police
Department's child exploitation vice unit was on an
Internet chat room Web site posing as a 13–year–old
girl "Vanessa" with a screen name of "angel_babysa"
to catch Internet child predators. In early 2006,
Douglas, using a screen name "blacknight7vball"
initiated a chat with Vanessa on this Web site.
Douglas identified himself as a 28–year–old male
from Southern California and asked Vanessa if she
was willing to talk with an "older guy." Although
Vanessa reiterated to Douglas that she was only 13, he
continued to pursue chatting with her.

On February 14, 2006, during their first chat session
Douglas told Vanessa her first time (ostensibly having
sexual intercourse) should be with an older guy
because "[he] can teach you." Then he went on to say,
"You know I wish I was there, wish I was closer"
because he wanted to be the one to "teach" Vanessa.

Further, Douglas told Vanessa that "[h]e likes stories
on the Internet, printed out stories, sexual stories" and
sent Vanessa a link to a private album with a large
number of pornographic photographs. In addition,
Douglas sent Vanessa several other links, including a
link to a free adult site which he said has "lots of things
for you."

The following day, Douglas again contacted Vanessa
and said: "How's my new favorite cutie doing?"

During this chat, Douglas sent Vanessa more pornographic photographs. While directing her to look at some of the photographs from the album, he stated: "I like the way it was shot, I like to lick her pussy." He then looked at a pregnant teen photograph and told Vanessa: "I think pregnant teens are sexy."

On February 28, 2006, Douglas contacted Vanessa again and said: "I have more photos to show you if you're in the mood." During this session, Douglas and Vanessa had a lot "more sex chatting." He asked Vanessa about her physical appearance and commented on how he liked women/girls with small breasts. Douglas also described sexual things he wanted to do with Vanessa. During this chat, Vanessa asked Douglas about the name on his profile, Michael Douglas, and if he was the famous actor. He replied: "Nope, I wish I was." He also told Vanessa that "[he] can always travel for the right person once [he] get[s] to know [her]."

**\*2** On March 13, 2006, Douglas sent Vanessa a link from "shaggys_dope" [3] to view pornographic photographs of a nine- and a 15–year–old girl. In looking at the photographs Douglas commented to Vanessa: "I think they're hot."

[3]     "[S]haggy_dope" is a photo album/Web site containing pornographic pictures.

On August 9, 2006, Douglas shared with Vanessa a shadowphototrader album with child pornographic photographs. These photographs were from sites containing "preteen hardcore" pornography and were also identified as "lolita" photographs.

On May 3, 2006, San Diego County Deputy Sheriff Anthony Torres, who is also part of the Internet Crimes Against Children (ICAC) task force, received 21 cyber tips about shaggys_dope for its content of child pornography photographs. Torres traced the shaggys_dope account to an Internet protocol (IP) address at Douglas's residence. A subsequent search of Douglas's home computer produced a large number of child pornographic photographs and videos. Also, shaggys_dope was associated with both a MySpace account belonging to an individual named Michael who lived in Encinitas and the e-mail was linked to the "blacknight7@hotmail.com" account.

During a search of Douglas's residence, detectives found a compact disc near the home computer that contained videos of child pornography. Several of the videos had young girls approximately nine to 13 years of age orally copulating adult males. Some of the videos depicted young girls involved with masturbation, intercourse and oral copulation with adult males and adult females.

Additionally, the ICAC task force searched Douglas's vehicle and discovered condoms, handcuffs, hand and body lotion, three knives, a mag light, emergency flashers, some type of elastic rubber and gloves.

At trial, Douglas consistently denied committing the crimes and claimed Steven Andrews, a friend with alleged access to Douglas's computer accounts and passwords, had committed all the crimes.


DISCUSSION

Douglas contends that pursuant to section 654, subdivision (a) the trial court should have stayed his sentence on count 5 because the behavior punished in that count "was or could have been" the same behavior that was punished in either counts 2 or 3. Specifically, Douglas contends that because the trial court failed to read CALCRIM No. 3500—the unanimity instruction —to the jury, despite the fact the instruction was included in the packet of instructions the jury received for use in its deliberations, Douglas "could have been" punished in count 5 for the same conduct he was punished for in counts 2 or 3.


A. *Unanimity Instruction*

The California Constitution requires a unanimous jury verdict to support a criminal conviction. (⚑*People v. Russo* (2001) 25 Cal.4th 1124, 1132; see also Cal. Const., art. I, § 16.) "It is obvious that if the guarantee of unanimity means anything, it means at a minimum that all the jurors must agree the evidence shows guilt of the charged offense beyond a reasonable doubt." (⚑*People v. Sutherland* (1993) 17 Cal.App.4th 602, 611.) "The [unanimity] instruction is intended to eliminate the danger that the defendant

will be convicted even though there is no single offense which all the jurors agree the defendant committed." (*Ibid.*) In other words, in a criminal case when evidence suggests more than one discrete crime, the prosecution must elect a specific crime or the trial court must sua sponte instruct the jury on unanimity of the decision. (🚩 *People v. Russo, supra,* 25 Cal.4th at p. 1132.)

**\*3** However, a unanimity instruction is not required when the "continuous conduct" rule applies, such that the alleged acts are so closely connected that they are considered to be part of the same transaction. (🚩⚠️ *People v. Stankewitz* (1990) 51 Cal.3d 72, 100.) This exception applies "[w]hen the defendant offers essentially the same defense to each of the acts, and there is no reasonable basis for the jury to distinguish between them." (*Ibid.*)

A trial court is required to give a unanimity instruction when the acts are fragmented by time and space. (🚩 *People v. Wolfe* (2003) 114 Cal.App.4th 177, 185.) "When the trial court erroneously fails to give a unanimity instruction, .... [t]his lowers the prosecution's burden of proof and therefore violates federal constitutional law." (🚩 *Id.* at p. 187.) Therefore, failure to give a unanimity instruction requires us to apply a beyond a reasonable doubt standard in determining whether the error was harmless or prejudicial. (*Ibid.*)

Douglas contends, and the People concede,[4] that the court should have read modified CALCRIM No. 3500[5] because Douglas was charged with and convicted in count 5 of various acts that are fragmented by time. However, we conclude the trial court's error in failing to read the unanimity instruction is harmless beyond a reasonable doubt because we also conclude the jury would have reached the same verdict absent the error. (See generally 🚩 *Chapman v. California* (1967) 386 U.S. 18, 24 [87 S.Ct. 824].)

[4] We accept for purposes of this appeal that the trial court was required to give the unanimity instruction based on the People's concession. We note that Douglas offered

a single defense to all counts charged against him, to wit: that his friend (Steve Andrews) was the one who committed these crimes. We thus question whether a unanimity instruction was even necessary in connection with count 5. (See 🚩⚠️ *People v. Stankewitz, supra,* 51 Cal.3d at p. 100 [noting the unanimity instruction is not required "when the defendant offers essentially the same defense to each of the acts"].)

[5] The unanimity instruction included in the booklet of instructions to the jury provided: "The defendant is charged with crimes that have more than one act that could constitute the offenses. [¶] The People have presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed." (CALCRIM No. 3500 as modified.)

At various times during trial, the court provided instructions to the jury that adequately informed them to weigh each count separately, and emphasized the importance of relying on the written instructions in their deliberations. For instance, the court in its opening remarks instructed the jury as follows: "[E]verything I read to you now ... I give it to you in writing. So instead of having you worry right now about taking notes and making sure you heard what I said, you know you're going to hear it again, you know you're going to see it again."

At the close of evidence, the court instructed the jury as follows: "Everything I read to you I [will] give to you in writing. You're going to get this booklet." The booklet included the written version of modified CALCRIM No. 3500. Further, the court told the jury, "the only law is the text of the instruction[s]."

**\*4** The court also read CALCRIM No. 3550, which provides: "Your verdict must be unanimous. This means that, to return a verdict, all of you must agree to it." And the court instructed the jury: "Each of the counts charged in this case is a separate crime.

You must consider each count separately and return a separate verdict for each one."

Finally, at the conclusion of closing argument, the court instructed the jury: "Your verdict must be unanimous which means that to return a verdict all of you must agree to it." The jury was given five verdict forms corresponding to each of the counts and was told: "If you are able to reach a unanimous decision on only one or some of the charges, fill those forms in only and notify the bailiff, returning any unsigned for which there is no decision."

Viewing the instructions as a whole, as we must (see *People v. Price* (1991) 1 Cal.4th 324, 446), we conclude the instructions the court read to the jury adequately apprised the jury of the requirement that it agree as to the same act or acts on which to base Douglas's conviction on count 5, and that any harm in failing to read modified CALCRIM No. 3500 was harmless beyond a reasonable doubt. (See *People v. Wolfe, supra,* 114 Cal.App.4th at p. 187; see also *People v. Dieguez* (2001) 89 Cal.App.4th 266, 277 ["The failure to give an instruction on an essential issue, or the giving of erroneous instructions, may be cured if the essential material is covered by other correct instructions properly given. [Citations.]"].)

Moreover, we conclude the inadvertent failure of the trial court to read modified CALCRIM No. 3500 when instructing the jury was also harmless error because the jury actually received the text of this instruction in the instruction booklet referenced by the court and the parties during closing arguments. [6]

[6]

Douglas's reliance on *People v. Murillo* (1996) 47 Cal.App.4th 1104 does not support reversal of his conviction on count 5. There, the trial court neglected to read an instruction regarding a willfully false witness, but included that instruction in the packet that was given to the jury to use for its deliberations. The court in *People v. Murillo* looked at the instructions read to the jury, counsel's arguments in closing and determined there was no reasonable probability (under the lesser standard announced in *People v. Watson* (1956) 46 Cal.2d 818, 836) defendant would have achieved a better result if the instruction had in fact been read to the jury. (*People v. Murillo, supra,* 47 Cal.App.4th at p. 1108.)

Finally, because Douglas was separately convicted of all five counts, each with a separate verdict form, we can reasonably infer the jury was not wavering on whether to believe certain facts. For this additional reason we conclude the court's failure to read modified CALCRIM No. 3500 was harmless beyond a reasonable doubt and thus did not require the court to stay sentence on count 5 pursuant to section 654, subdivision (a). (See *Chapman v. California, supra,* 386 U.S. at p. 24.)

### B. *Section 654*

Douglas alternatively contends that even if the court did not prejudicially err in failing to read modified CALCRIM No. 3500, his sentence nonetheless should be stayed on count 5 because that offense "was" based on the same behavior as counts 2 or 3. We disagree.

Section 654, subdivision (a) provides in part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

**\*5** Under section 654, "[i]f all the offenses are incidental to one objective, the defendant may be punished for any one of them, but not for more than one. On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, the trial court may impose punishment for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135; see also *People v. Latimer* (1993) 5 Cal.4th 1203, 1208.)

It is the defendant's intent and objective, not the temporal proximity of his or her offenses, that determines the indivisibility of the transaction. (📁*People v. Harrison* (1989) 48 Cal.3d 321, 335.) Section 654 allows multiple punishments for identical offenses, because the legislative intent of section 654 shows there is no bar to punishing those who are more culpable, and therefore, the punishment should fit the severity of the crime. (See generally 📁*People v. Correa* (2012) 54 Cal.4th 331, 342.) " ' ' "[A] course of conduct divisible in time, although directed to one objective, may give rise to multiple violations and punishment. [Citations.]" [Citations.] This is particularly so where the offenses are temporally separated in such a way as to afford the defendant [an] opportunity to reflect and to renew his or her intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken. [Citation.]' [Citation.]" (📁*People v. Andra* (2007) 156 Cal.App.4th 638, 640; see also 📁*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1253–1254.)

Whether a defendant had more than one criminal objective is a factual question, and the determination will be upheld on appeal if supported by substantial evidence. (⚠️*People v. Osband, supra,* 13 Cal.4th at pp. 730–731; 📁*People v. Andra, supra,* 156 Cal.App.4th at p. 640.) Under this standard of review, we view the evidence favorably to the sentencing decision and draw all reasonable inferences in its favor. (*People v. Andra,* at pp. 640–641.) Where, as here, the court does not expressly make a finding that the defendant committed divisible criminal acts, we will imply such a determination and review it for substantial evidence. (📁*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468; 📁*People v. Nelson* (1989) 211 Cal.App.3d 634, 638.)

Here, Douglas was convicted of distributing matter depicting a person under the age of 18 involved in sexual conduct (counts 2 and 3; 📁§ 311.1, subd. (a)), but count 2 was specifically for his actions on March 13, 2006, and count 3 was specifically for his actions on August 9, 2006. Count 5 was for

violation of attempting to send harmful matter to a minor by electronic means (§§ 664 & 288.2, subd. (b) ) between February 14 and August 9, 2006. This count encompassed many more acts of sending pornographic material than counts 2 or 3 because count 5 included acts separately committed in February, March and August 2006.

Further, Douglas's actions were spread out over a seven-month period, giving him ample time to reflect and renew his intent. However, because Douglas continued to contact Vanessa during this period of time, his continued violation of the law gave rise to multiple criminal objectives and intents. We thus conclude substantial evidence exists in the record to support the court's implicit finding that Douglas had multiple objectives and thus, could be properly punished for multiple crimes.

**\*6** Douglas's argument that there was but a single course of conduct is entirely unpersuasive. In 📁*People v. Harrison, supra,* 48 Cal.3d at page 335, the court held that defendant was properly convicted of three separate counts of sexual penetration with a foreign object and that section 654 did not bar separate penalties because of multiple objectives and culpability.

Similarly, here Douglas was properly convicted and sentenced for his offenses that spanned seven months, and each offense was based on separate acts committed at separate times. We thus conclude the court did not err in declining to stay under section 654, subdivision (a) Douglas's sentence on count 5.

## DISPOSITION

Douglas's judgment of conviction and sentence are affirmed.

WE CONCUR:

NARES, J.

O'ROURKE, J.

**All Citations**

Not Reported in Cal.Rptr., 2012 WL 6062557

---

                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

---

**WESTLAW**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.                                      6