UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80219-CR-CANNON

UNITED STATES OF AMERICA

v.

MICHAEL GORDON DOUGLAS

_____/

**GOVERNMENT'S RESPONSE TO COURT'S ORDER TO RESPOND TO DEFENDANT'S MOTION TO EXCLUDE PRIOR CONVICTION (DE 48)**

The United States of America submits this response to the Court's Order directing a response to the Defendant's Motion To Exclude Prior Conviction (DE 48).

The government provided the record evidence of the defendant's 2011 prior conviction in discovery as well as identified it as Rule 404(b) evidence in its first response to the standing discovery order (DE 22). The defendant filed a motion to exclude evidence of his prior conviction from admissibility solely under Federal Rule Of Evidence 404(b) (Rule 404(b)) and 403 (DE 48:2), prior to the government's formal motion in limine which included a request for admission of the prior conviction in evidence pursuant to Rule 404(b) as well as Federal Rule Of Evidence 414 (Rule 414) (DE 62).

In the United States Omnibus Motion in Limine filing (DE 62) the government provided its response to defendant's motion to exclude the prior conviction. In section II.B (pages 9-12) pursuant to Rule 414 and in section II.C (pages 12-16) pursuant to Rule 404, the government explained how and why the prior conviction evidence is admissible. Then in section II.D (pages 19-20), the government countered the defendant's primary argument that the prior conviction is too remote in time to the charged offense to be admissible.

To expand upon an another point from the defendant's motion, the suggestion that the notional child in the 2011 conviction was older the notional child in the case at bar is of no matter; as is whether or not there was an intent to meet the child (DE 48:3-4). The age of the child, beyond the belief that the child was a minor, i.e. under 18 years of age, is not an element of the crime. In one count, the defendant is charged with enticement of a minor, which is what he was similarly convicted of in 2011. Likewise, the defendant's argument that it was "unclear" whether his intent was to meet the child in 2011, has no bearing on its admissibility in the case at bar. "Convincing" a child to meet the defendant is not an element in the charged counts, as it was not in his underlying conviction. Finally, the defendant makes no such argument to exclude his prior convictions for distribution and possession of child pornography, other than remoteness.

As an aside, counsel for the defendant has advised that he is only objecting to the names of the charges of the prior conviction and the facts therein, from being presented to the Jury. However, for purposes of the sentencing enhancement created by the prior conviction as to Counts 1-7 of the Superseding Indictment (DE 55:2) and in the government's notice of enhanced penalties (DE 59), the defendant will stipulate, elevating the need for the Jury to make this decision.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

BY:   s/Gregory Schiller_____
        GREGORY SCHILLER
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No. 0648477
        500 S. Australian Ave.,
        West Palm Beach, FL 33401
        Gregory.Schiller@usdoj.gov

3 | P a g e

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing were filed with the Clerk of Court through the CMECF system and thus noticed to all parties attached thereto on July 23, 2024.

                BY:   s/Gregory Schiller_____
                            Gregory schiller
                            Assistant United States Attorney