UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 23-cr-80219-AMC

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) |
| MICHAEL GORDON DOUGLAS, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO THE GOVERNMENT'S MOTION TO INCLUDE EVIDENCE OF PRIOR CONVICTION PURSUANT TO RULE 404(b).**

COMES NOW, the defendant, MICHAEL GORDON DOUGLAS ("Defendant"), by and through counsel, John D. Kirby, Esq., pursuant to Rules 403 & 404(b) of Federal Rules of Evidence, the Due Process Clause of the Fifth Amendment to the Constitutional of the United States, and hereby responds to the Government's motion to Include Evidence of Defendant's Prior 2011 California conviction in violation of Cal. Penal Code sections 288.2(b), 311.1(a) and 664.

The bad-acts evidence the Government proposes to introduction at trial is the Defendant's 2006 solicitation of a minor, distribution and possession of child pornography. In 2011, the Defendant was convicted in the California Superior Court of San Diego of felony distribution of matter depicting a person under 18 years of age in sexual conduct, in violation of Cal Penal Code section 311.1(a); felony possession of matter depicting a person under 18 years of age in sexual conduct, in violation of Cal. Penal Code section 311.1(a); and attempted harmful matter sent to a minor via electronic means in violation of Cal. Penal Code sections 288.2.(b) and 664.

Entry of details in the above case will prejudice the jury against Defendant, irrespective of the evidence brought against Defendant in this pending matter.

*U.S. v. Michael Gordon Douglas*, Case No. 23-80219  DEFENDANT'S MOTION TO THE  2
GOVERNMENT'S MOTION TO INCLUDE EVIDENCE OF PRIOR CONVICTION PURSUANT TO RULE
404(b).

Evidence is admissible only if relevant, probative, and not unfairly prejudicial. See Fed. R. Evid. 401, 402 and 403. Under Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Similarity between a prior conviction and the offenses charged in an indictment "make the earlier offense 'highly probative with regard to a defendant's intent in the charged offense.'" United States v. Cooper, 433 F. App'x 875, 877 (11th Cir. 2011) (quoting United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005)). When the evidence is evidence of a defendant's other crimes, it is typically inadmissible to show his propensity for the crime at bar. See Fed. R. Evid. 404(b).

Evidence admissible under Rule 414 is subject to Rule 403's balancing test. Fed. R. Evid. 414(c); United States v. Woods, 684 F.3d 1045, 1064 (11th Cir. 2012) (applying Rule 403 to evidence admissible under Rule 414.) The Court should also consider the admissibility of the conviction under Rue 403, which requires weighing the probative value of the prior conviction against the risk of unfair prejudice and other factors.

The Court should be cautious where the evidence could still cause the jury to condemn a defendant based on passion or bias. See, e.g., Old Chief v. United States, 519 U.S. 172, 180, 117 S. Ct. 644, 136 L.Ed.2d 574 (1997). In fairness, the court should exclude evidence which would lead a jury to use evidence to convict because it is disgusted by the defendant's criminal past rather than convinced that he did the crime charged. See Id.

The court should exclude where a jury unsure of guilt — could convict anyway because it believes the other-crimes evidence shows the defendant is an evildoer who must be locked up. See Id. "In applying the Rule 403 balancing test to prior offenses admissible under Rule 414, a district court should consider a number of factors, including (i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." See Id.

*U.S. v. Michael Gordon Douglas*, Case No. 23-80219    DEFENDANT'S MOTION TO THE  3
GOVERNMENT'S MOTION TO INCLUDE EVIDENCE OF PRIOR CONVICTION PURSUANT TO RULE 404(b).

In Old Chief, the United States Supreme Court held that a district court abuses its discretion under the Federal Rules of Evidence if it spurns a defendant's offer to concede a prior judgment and admits the full judgment record over the defendant's objection, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations. Old Chief v. United States, 519 U.S. 172, 180, 117 S. Ct. 644, 136 L.Ed.2d 574 (1997).

In the present case, in Counts 1-7, the Defendant has been charged with distribution of child (18 U.S.C. Sections 2252A(a)(2) & (b)(1)). The Superseding Indictment alleges his prior 2011 California conviction for distribution of matter depicting a person under 18 in sexual conduct, felony possession of matter depicting a person under 18 and attempted harmful matter sent to a minor via electronic means.

Inclusion of the specifics of Defendant's prior convictions will likely lead to the danger of a conviction tainted by improper considerations. It is axiomatic that the Defendant's prior convictions and details related thereto are likely to prejudice jurors in such a way that Defendant would be deprived of a jury capable of fairly evaluating the evidence and charges brought forth in the present case.

Rule 403 balancing factors way in favor of exclusion. The present case is based upon facts alleged to have occurred in 2023. The prior convictions involve facts alleged to have occurred many years prior. The evidence in the present case is questionable as Defendant lived with another individual who had access to Defendant's possessions and accounts.

Rule 403 is intended to guard against the admission of evidence that is prejudicial to the defendant because its probative value is substantially outweighed by its unfairly prejudicial effect. As such, Rule 403 balancing should exclude or limit the Government's use of Defendant's prior convictions.

*U.S. v. Michael Gordon Douglas*, Case No. 23-80219  DEFENDANT'S MOTION TO THE GOVERNMENT'S MOTION TO INCLUDE EVIDENCE OF PRIOR CONVICTION PURSUANT TO RULE 404(b).  4

WHEREFORE, the Defendant, MICHAEL GORDON DOUGLAS requests that the COURT enter an Order suppressing, or in the alternative, limiting use by the Government at trial of Defendant's prior convictions pursuant to Federal Rules of Evidence 403.

Dated this 29 day of July 2024.

Respectfully submitted,

| | |
|---|---|
| */s/ John D. Kirby, Esq.* | *John R. Howes, Esq.* |
| John D. Kirby, Esq. | John R. Howes, Esq. |
| 401 W. A Street, Suite 1150 | 110 SE 6th Street |
| San Diego, CA 92101 | Suite 1700 |
| 619-557-010 | Fort Lauderdale, FL 33301 |
| CA Bar No. 149496 | Fla. Bar No. 0219193 |
| 619-557-0100 | FloridaLawyer@outlook.com |
| jkirby@johnkirbylaw.com | Cell: 954.328.2358 |

Attorneys for Michael Gordon Douglas

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Reply Brief of the Government's Appeal of Bond conditions has been furnished by Electronic Delivery using CM/ECF and to Assistant United States Attorney Gregory Schiller, Esq. at Gregory.schiller@usdoj.gov and to John D. Kirby, Esq. at jkirby@johnkirbylaw.com this 29th day of July, 2024.

*John R. Howes, Esq.*
John R. Howes, Esq.