UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-80219-Cannon/McCabe

UNITED STATES OF AMERICA,

v.

MICHAEL GORDON DOUGLAS,

    Defendant.
                               /

## ORDER

THIS CAUSE comes before the Court on an Unopposed Motion for Local Counsel to Withdraw filed by Attorney John R. Howes, a Motion for Leave to Withdraw as Counsel filed by Attorney John D. Kirby, and a request for appointment of the Federal Public Defender's Office ("FPD") filed by the Defendant himself. (DE 97, DE 98, DE 99). These matters were referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 100).[1]

The Court conducted a hearing on these motions on January 3, 2025. (DE 105). Portions of the hearing took place ex parte and under seal, including portions wherein the Court inquired of the retained attorneys and the Defendant as to the nature of their fee arrangement, the reasons that led to the filing of these motions, and the Defendant's current ability to afford replacement counsel. From the evidence presented, the Court finds as follows:

    1)    A breakdown in communication has taken place between the Defendant and his two retained attorneys in this case. This breakdown has resulted in a loss of confidence and irreconcilable conflicts between the Defendant and his

---

[1] Judge Cannon referred these motions for "expedited disposition and/or for a Report and Recommendation as required by law." (DE 100). The Court finds these motions to be non-dispositive in nature and therefore issues an Order, not a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

retained attorneys.

2) The Defendant does not wish to proceed to trial with his retained attorneys.

3) Pursuant to Local Rule 88.7(a), the Court has conducted an inquiry into the financial arrangement between the Defendant and his retained attorneys. Based on this inquiry, the Court finds that the instant motions do not arise from the Defendant's failure "to pay sums owed for attorney's fees" or the retained attorneys' failure "to collect a sum sufficient to compensate [them] for all the services usually required of defense counsel…." Rather, these motions arise from a breakdown in attorney-client communication and confidence and the conflicts resulting therefrom.

4) As a result of these findings, the Court hereby **GRANTS DE 97 and DE 98.** Attorney John R. Howes is hereby relieved as counsel of record in this case. Attorney John D. Kirby is hereby relieved as counsel of record in this case.

5) The Defendant has requested the Court to appoint the FPD to represent him for the remainder of this case. The Defendant understands and acknowledges that the trial of this case is set to begin on February 10, 2025. (DE 101). The Defendant likewise understands and acknowledges that appointment of new counsel does not mean his trial will be continued to a later date.

6) After appropriate inquiry as to the Defendant's finances, the Court finds that the Defendant is eligible for appointment of the FPD. The Court therefore **GRANTS DE 99 and appoints the FPD to this case**.

7) All deadlines shall remain in force unless modified by the District Judge.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 3rd day of January 2025.

_____
RYON M. MCCABE
U.S. MAGISTRATE JUDGE