UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80219-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL DOUGLAS.

    Defendant.
_____/

## MOTION FOR RECONSIDERATION OF BOND OR OTHER RELIEF REGARDING DEFENDANT'S MEDICAL CONDITION

COMES NOW, the Defendant, MICHAEL DOUGLAS, by and through the undersigned counsel, requests this court either reconsider his pretrial detention status and set a bond or, in the alternative, grant him other relief to address his worsening medical conditions. As grounds, he states:

1. On January 25, 2024, after initially ordering pretrial detention, a magistrate judge in the Southern District of California reconsidered his ruling and granted Mr. Douglas a $100,000 personal surety bond, secured by a trust deed to the United States, with a co-signature and additional conditions. The Government appealed. [DE 10].

2. At the hearing on that appeal, Mr. Douglas's previous lawyer, John Kirby, articulated the reason his client required release:

   > The reason he wants to be out, and it's – it's the singular consideration, is because of his physical condition. He has spinal stenosis that has been – it's in the court records. He has been told by two different doctors that if he does not

> have surgery almost immediately, he could, at any moment, become paralyzed or even die. If he sneezes wrong, if he coughs wrong, if he falls, he could immediately become paralyzed. This is not, you know, sort of, a, well, this might happen; this is going to happen if he does not have surgery.

[DE 37:18-19].

3. Considering the medical records provided at that time, this Court noted no indication Mr. Douglas would "be paralyzed unless he has surgery immediately" or "anything in the kind of dire category as you have described it," - a point Mr. Kirby conceded. [DE 37:19-20]. However, Mr. Kirby advised the Court that two doctors with whom he had conferred confirmed the prognosis, and he opined Mr. Douglas would not likely receive the surgical procedure he required while in custody. [DE 37:20]. As an alternative to bond, Mr. Kirby requested this Court either order or "strongly suggest" the jail permit Mr. Douglas to see either an orthopedic surgeon or a neurologist immediately. [DE 37:26].

4. This Court detained Mr. Douglas, but noted:

> [T]he health issue is something that needs to be monitored, and so I will do what I can through BOP channels to inform them of a need for a consult. And if there becomes a concrete issue to address, then, Mr. Kirby, you are welcome to file a motion with the Court with any additional information. But I will do what I can to advise BOP of the need for a consultation, as I do think that is warranted.

[DE 37:28-29].

5. A month later, Mr. Kirby filed an unopposed motion requesting an order directing the local jail permit a local neurologist to conduct an examination via

2

video conference. [DE 32]. On May 30, 2024, this Court granted that request, but denied without prejudice any relief "beyond the medical examination." [DE 39].

6. Now, almost a year later, Mr. Douglas's condition has neither improved nor been treated properly. Among other things, he continues to complain of significant pain in his neck and lower back, that his hands do not work right, and that he has lost feeling in his arms, legs and the top of his head.

7. Mr. Douglas's mother recently retained Dr. Charles Howard, a retired medical officer with the Bureau of Prisons, to review her son's medical records and opine about his current medical condition and the treatment he requires. In short, Dr. Howard asserts prison medical staff should have sent Mr. Douglas to an emergency room for probable admission, intravenous medications and possible emergent neurosurgery and they never did, thereby increasing the probability he will suffer loss of function and death.

8. Undersigned counsel provided Dr. Howard's report, now filed under seal as Exhibit A for this motion, to the United States Marshal Service on February 7, 2025 and legal counsel for the St. Lucie County Jail on February 13, 2025 via email, as well as to St. Lucie County Jail medical staff via fax on February 18, 2025.

9. Mr. Douglas simply seeks the appropriate medical attention Dr. Howard says he needs. If the facilities at which he is housed refuse or are unable to provide

that attention, then he requests this Court reconsider his detention status and grant him a bond so he can seek it himself.[1]

10. Should this Court have questions for Dr. Howard, he is available to appear telephonically or by zoom on the following dates/ times during the month of March: any Monday after 9:30 except March 3, any Tuesday, or any Wednesday except March 5.

11. The government objects to Mr. Douglas's release on bond.

WHEREFORE Defendant respectfully requests the Court to grant the above-styled motion.

        Respectfully submitted,

        HECTOR DOPICO
        FEDERAL PUBLIC DEFENDER

        s/ *Scott Berry*
        Scott Berry
        Assistant Federal Public Defender
        Attorney for the Defendant
        Florida Bar No. 0525561
        250 South Australian Avenue, Suite 400
        West Palm Beach, Florida 33401
        (561) 833-6288 - Telephone
        Scott_Berry@FD.org

---

[1] During a recent phone conversation with undersigned counsel, Supervisory Deputy U.S. Marshal David DiCicco suggested transferring Mr. Douglas to FDC-Miami and having all future court hearings, including trial, at the Miami Federal Courthouse. Mr. DiCicco explained that each time Mr. Douglas is transferred to a new facility, it disrupts any medical care he was receiving at the previous facility. This move would eliminate that issue. While Mr. Douglas has no objection to this transfer, he has been housed at FDC-Miami previously and did not receive the medical care Dr. Howard opines is necessary at that facility either.

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on February 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/Scott Berry*
Scott Berry