**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-80219-AMC**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MICHAEL GORDON DOUGLAS,** | ) |
|     **a/k/a "Michael,"** | ) |
|     **a/k/a "DaddyBreedsFam,"** | ) |
| | ) |
|     **Defendant.** | ) |
| _____ | ) |

## PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30(a), the United States respectfully requests that the following jury instructions be given at trial in the above-styled action.

Proposed instructions taken from the Eleventh Circuit Pattern Jury Instructions are referenced at the top of each page by their respective letter and number. Proposed instructions derived from other sources are cited accordingly.

The United States further requests that the parties be allowed to propose such additional instructions as become appropriate based upon the testimony and evidence at trial, and that the parties be informed prior to closing arguments which instructions the Court will accept.

1

The undersigned has sent a copy of these proposed instructions in Word format to chambers via email at cannon@flsd.uscourts.gov.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:    /s/ Justin Chapman
JUSTIN CHAPMAN
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 85778
Justin.chapman4@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Justin Chapman
JUSTIN CHAPMAN
Assistant United States Attorney

B1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 23-CR-80219-AMC

-vs-

MICHAEL GORDON DOUGLAS,
    **a/k/a "Michael,"**
    **a/k/a "DaddyBreedsFam,"[1]**

    Defendant.

_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

---

[1] Mr. Douglas objects to the inclusion of any "a/k/a" on the jury instructions. The jury must decide whether Mr. Douglas used either of these aliases and, inclusion of them in the caption suggests it is unnecessary for them to make this decision.

The Government responds that the submission of the Defendant's alias in the jury instructions is permissible here.  *See United States v. Doe*, 741 F.3d 217, 227 (1st Cir. 2013) (in a situation where the use of an alias is important to the government's case, its submission to the jury as part of the indictment is permissible).

1

B2.1

<u>The Duty to Follow Instructions and the Presumption of Innocence</u>

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

B2.2

## The Duty to Follow Instructions and the Presumption of Innocence
## When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

B3
Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

B4
### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

B5
Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

B6.1

<u>Impeachment of Witnesses Because of Inconsistent Statements</u>

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

B6.4
Impeachment of Witnesses Because of Inconsistent Statements
(Defendant with Felony Conviction Testifies)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

Evidence that a defendant was previously convicted of a crime is not evidence of guilt of the crimes in this trial. But you may use the evidence to decide whether you believe the Defendant's testimony.

ANNOTATIONS AND COMMENTS

*United States v. Lippner*, 676 F.2d 456, 462 n.11 (11th Cir. 1982) (noting it is plain error not to give a limiting instruction (such as the last sentence of this instruction) when a defendant is impeached as a witness under Rule 609, Fed. R. Evid., by cross examination concerning a prior conviction) (citing *United States v. Diaz*, 585 F.2d 116 (5th Cir. 1978)). If, however, evidence of a Defendant's prior conviction is admitted for other purposes under Rule 404(b), Fed. R. Evid., the last sentence of this instruction should not be given. See, instead, Trial Instruction 3 and Special Instruction 4. Similarly, the last sentence of this instruction should not be given if evidence of a defendant's prior conviction is admitted because the existence of such a conviction is an essential element of the crime charged. See, for example, Offense Instruction 30.6, 18 USC 922(g), and the Annotations and Comments following that instruction.

B7
<u>Expert Witness</u>

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

B8
Introduction to Offense Instructions

The indictment charges eight (8) separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Counts 1 - 7 charge that Defendant committed distribution of child pornography.

Count 8 charges that Defendant committed attempted enticement of a minor to engage in sexual criminal activity.

I will explain the law governing those substantive offenses in a moment.

O83.4A
Child Pornography Distribution
18 U.S.C. § 2252A(a)(2)(A) and (5)(B)

It's a Federal crime to knowingly distribute any child pornography that has been transported, shipped, or mailed in interstate or foreign commerce including by computer.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly distributed an item or items of child pornography;

(2) the items of child pornography had been transported or shipped in interstate or foreign commerce including by computer;

(3) when the Defendant distributed the items, the Defendant believed the items contained child pornography; and

To "distribute" something means to deliver or transfer possession of it to someone else, with or without any money involved in the transaction.

The term "interstate or foreign commerce" is the movement of property between different states or between the United States and any place outside the United States.

The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It doesn't matter whether the Defendant knew the child pornography had moved in interstate

or foreign commerce. The Government only has to prove that the child pornography actually did move in interstate or foreign commerce.

The term "computer" includes any high-speed data-processing device that can perform logical, arithmetic, or storage functions, including any data storage facility or communications facility that is directly related to or operates in conjunction with the device. It doesn't include an automated typewriter or typesetter, portable hand-held calculator, or similar devices that are solely capable of word-processing or arithmetic calculations.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the visual depiction's production involves using a minor engaging in sexually explicit conduct.

"Minor" is any person under 18 years old.

**An "identifiable minor" is a person who was a minor when the visual depiction was created, adapted, or modified or whose image as a minor was used in creating, adapting, or modifying the visual depiction and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable**

**feature. The Government does not have to prove the actual identity of the**

**identifiable minor.[2]**

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer media or by other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

---

[2] Mr. Douglas objects to this definition because the term "identifiable minor" does not otherwise appear in this instruction and the definition is therefore inapplicable in this case.

The Government responds that the term "identifiable minor" does in fact appear in the pattern instruction and applies to the facts of this case. *See* 11th Circuit Pattern Jury Instruction O83.4A.

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

O92.3

<u>Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity</u>
<u>18 U.S.C. § 2422(b)</u>

It's a Federal crime for anyone, using the mail or any facility or means of interstate or foreign commerce including a cellular telephone or the Internet, to attempt to persuade, induce, or entice a minor to engage in any sexual activity for which any person could be charged with a criminal offense, even if the attempt fails.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly intended to persuade, induce, or entice an individual who had not attained the age of 18 years to engage in sexual activity, as charged;

(2) the Defendant used the Internet or a cellular telephone to do so;

(3) at the time, the Defendant believed that the individual was less than 18 years old;

(4) if the sexual activity had occurred, one or more of the individuals engaging in sexual activity could have been charged with a criminal offense under Federal law or the law of Florida or California; and

(5) the Defendant took a substantial step towards committing the offense.

As used in this instruction, you may apply the following definitions:

1. "persuade" means to move by argument, entreaty, or expostulation to a belief, position, or course of action; to plead with;[3]

2. "induce" means to stimulate the occurrence of or to cause.

---

[3] This sentence is not part of the pattern instructions but is an accurate definition. Merriam–Webster.com, https://www.merriam-webster.com/dictionary/persuade (last visited April 28, 2025).

3. "entice" means to attract artfully or adroitly or by arousing hope or desire.[4]

A cellular telephone and the Internet are a facilities of interstate commerce.

**The existence of an actual minor victim is not required for an attempt conviction under § 2422(b), so long as the defendant intended to cause assent on the part of a minor and took a substantial step toward causing assent, not toward causing actual sexual contact.[5]**

**The crime of attempted coercion and enticement of a minor to engage in sexual activity can be committed even though the defendant only communicated with an adult intermediary.[6]**

Also, it is not necessary for the Government to prove that the individual was actually persuaded, induced, or enticed to engage in sexual activity; but it is necessary for the Government to prove that the Defendant intended to cause

---

[4] This sentence is not part of the pattern instructions but is an accurate definition. Merriam–Webster.com, https://www.merriam-webster.com/dictionary/entice (last visited April 28, 2025).

[5] This paragraph is not part of the standard instructions, but is binding precedent in the 11th Circuit. *See United States v. Jockisch*, 857 F.3d 1122, 1129 (11th Cir. 2017). Mr. Douglas objects to this adding this language because it is already covered by the pattern instruction. The first element of the pattern instruction tells the jury the government must prove the defendant intended to persuade, induce, or entice and the fifth element instructs the government must also prove he committed a substantial step toward completing the offense. This additional instruction adds nothing to the jury's understanding of what the government must prove.

[6] This paragraph is not part of the standard instructions, but is binding precedent in the 11th Circuit. *See United States v. Lee*, 603 F.3d 904, 912 (11th Cir. 2010). Mr. Douglas objects to this language because it is unnecessary. The pattern instruction tells jurors the defendant must intend to persuade, induce or entice a minor and nothing in the instruction precludes the use of an intermediary to do so.

agreement on the part of the individual to engage in some form of unlawful sexual activity and knowingly took some action that was a substantial step toward causing agreement on the part of the individual to engage in some form of unlawful sexual activity. A "substantial step" is an important action leading up to committing an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in the persuasion, inducement, enticement, or coercion.

So, <u>as to the third element</u>, the Government must prove that if the intended sexual activity had occurred, one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of Florida or California.

As a matter of law, the following act is a crime under Federal law[7].

The crime of Production of Child Pornography, Title 18 U.S.C. § 2251(a), is proven when:

1.   an actual minor, that is, a real person who was less than 18 years old, was depicted;

2.   the Defendant used, persuaded, induced, enticed the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct;

3.   either (a) the Defendant knew or had reason to know that the visual depiction would be mailed or transported in interstate or foreign commerce; (b) the visual depiction was produced using materials that

---

[7] All definitions and elements of the included Federal law violations are captured from the 11th Circuit Pattern Jury Instruction Website, Offense Instruction 82.

had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the visual depiction was mailed or actually transported in interstate or foreign commerce.

As a matter of law, the following acts are crimes under Florida law[8].

The crime of Sexual Battery upon a Person Less Than 12 Years of Age, in violation of Florida State Statute §§ 794.011(2)(a) and (2)(b), is proven when:

1.    The Defendant

  a.    committed an act upon or with the victim in which the sexual organ of the defendant or victim penetrated or had union with the anus, female genitals, or mouth of the victim or defendant; or

  b.    committed an act upon or with the victim in which the anus or female genitals of victim was penetrated by an object;

2.    At the time, the victim was less than 12 years of age.

3.    At the time, the defendant was 18 years of age or older.

The crime of Lewd or Lascivious Molestation, in violation of Florida State Statute § 800.04(5), is proven when:

1.    The Defendant

  a.    in a lewd or lascivious manner, intentionally touched the breasts, genitals, genital area, buttocks, clothing covering the breasts, clothing covering the genitals, clothing covering the genital area, or clothing covering the buttocks of the victim.

  b.    in a lewd or lascivious manner, intentionally forced or enticed the victim to touch the genitals, genital area, buttocks, clothing covering the genitals, clothing covering the genital area, clothing covering the buttocks of the defendant.

---

[8] All definitions and elements of the included Florida law violations are captured from the Florida Supreme Court's Jury Instruction builder found on the Florida Bar's Website: https://www.floridabar.org/rules/florida-standard-jury-instructions/criminal-jury-instructions-home/criminal-jury-instructions/

2.      At the time, (victim) was less than 12 years of age.

3.      At the time, (defendant) was 18 years of age or older.

The words "lewd" and "lascivious" mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.

The crime of Lewd or Lascivious Conduct, in violation of Florida State Statute § 800.04(6), is proven when:

1.      The Defendant intentionally touched the victim in a lewd or lascivious manner.

2.      At the time, (victim) was under the age of 16 years.

3.      At the time, (defendant) was 18 years of age or older.

The words "lewd" and "lascivious" mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.

The crime of Lewd or Lascivious Exhibition, in violation of Florida State Statute § 800.04(7), is proven when:

1.   The Defendant:

   a.   intentionally masturbated.

   b.   intentionally exposed his genitals in a lewd or lascivious manner.

   c.   committed a sexual act, sadomasochistic abuse, or the simulation of any act involving sexual activity that did not involve actual physical or sexual contact with the victim.

2.   The act was committed in the presence of victim.

3.   At the time, the victim was under the age of 16 years.

As a matter of law, the following acts are crimes under California law.[9]

---

[9] All definitions and elements of the included California law violations are captured from the California Judicial Branch's 2024 Judicial Council of California Criminal Jury Instructions website: https://www.courts.ca.gov/ partners/documents/calcrim_2024_edition.pdf

The crime of Unlawful Sexual Intercourse: Defendant 21 or Older, in violation of California Penal Code § 261.5(a) & (d), is proven when:

1. The defendant had sexual intercourse with another person;

2. The defendant and the other person were not married to each other at the time of the intercourse;

3. The defendant was at least 21 years old at the time of the intercourse; and

4. The other person was under the age of 16 years at the time of the intercourse.

Sexual intercourse means any penetration, no matter how slight, of the vagina or genitalia by the penis. Ejaculation is not required.

The defendant is not guilty of this crime if he reasonably and actually believed that the other person was age 18 or older. In order for reasonable and actual belief to excuse the defendant's behavior, there must be evidence tending to show that he reasonably and actually believed that the other person was age 18 or older.

The crime of Unlawful Sexual Intercourse: Minor More than 3 Years Younger, in violation of California Penal Code § 261.5(a) & (c), is proven when:

1. The defendant had sexual intercourse with another person;

2. The defendant and the other person were not married to each other at the time of the intercourse; and

3. At the time of the intercourse, the other person was under the age of 18 and more than three years younger than the defendant.

The crime of Oral Copulation With Person Under 18, in violation of California Penal Code § 287(b)(1), is proven when:

1. The defendant participated in an act of oral copulation with another person; and

2. The other person was under the age of 18 when the act was committed.

The crime of Oral Copulation With Minor: Defendant 21 or Older, in violation of California Penal Code § 287(b)(2), is proven when:

1. The defendant participated in an act of oral copulation with another person;

2. The defendant was at least 21 years old at the time of the act; and

3. The other person was under the age of 16 years at the time of the act.

The crime of Oral Copulation With Person Under 14, in violation of California Penal Code § 287(c)(1), is proven when:

1. The defendant participated in an act of oral copulation with another person; and

2. At the time of the act, the other person was under the age of 14 and was at least 10 years younger than the defendant.

Oral copulation is any contact, no matter how slight, between the mouth of one person and the sexual organ or anus of another person. Penetration is not required.

The crime of Sodomy, in violation of California Penal Code § 286(c)(1), is proven when:

1. The defendant participated in an act of sodomy with another person; and

2. At the time of the act, the other person was under the age of 14 years and was at least 10 years younger than the defendant.

Sodomy is any penetration, no matter how slight, of the anus of one person by the penis of another person. Ejaculation is not required.

The crime of Sexual Penetration with Person Under 14, in violation of California Penal Code § 289(j), is proven when:

1. The defendant participated in an act of sexual penetration with another person;

2. The penetration was accomplished by using a foreign object, substance, instrument, device, or unknown object; and

3. At the time of the act, the other person was under the age of 14 years and was at least 10 years younger than the defendant.

Sexual penetration means penetration, however slight, of the genital or anal openings of another person or causing another person to penetrate, however slightly, the defendant's or someone else's genital or anal opening or causing the other person

to penetrate, no matter how slightly, his or her own genital or anal opening for the purpose of sexual abuse, arousal, or gratification.

The crime of Lewd or Lascivious Act: Child Under 14 Years, in violation of California Penal Code § 288(a), is proven when:

1. The defendant willfully

   a. touched any part of a child's body either on the bare skin or through the clothing; or

   b. caused a child to touch her own body, the defendant's body, or the body of someone else, either on the bare skin or through the clothing;

2. The defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child; and

3. The child was under the age of 14 years at the time of the act.

The crime of Aggravated Sexual Assault of Child Under 14 Years, in violation of California Penal Code § 269(a), is proven when:

1. The defendant committed rape, in violation of § 261(a)(2) or (6), i rape or sexual penetration in concert, in violation of § 264.1, *or* sodomy, in violation of § 286(c)(2) or (3), *or* oral copulation, in violation of § 287(c)(2) or (3), *or* sexual penetration, in violation § 289(a), on another person; and

2. When the defendant acted, the other person was under the age of 14 years and was at least seven years younger than the defendant.

The crime of Engaging in Sexual Intercourse or Sodomy With Child 10 Years of Age or Younger, in violation of California Penal Code § 288.7(a), is proven when:

1. The defendant engaged in an act of sexual intercourse or sodomy with the victim;

2. When the defendant did so, the victim was 10 years of age or younger; and

3. At the time of the act, the defendant was at least 18 years old.

The crime of Engaging in Oral Copulation or Sexual Penetration With Child 10 Years of Age or Younger, in violation of California Penal Code § 288.7(b), is proven when:

1. The defendant engaged in an act of oral copulation or sexual penetration with the victim;

2. When the defendant did so, the victim was 10 years of age or younger;

3. At the time of the act, the defendant was at least 18 years old.

B8.1

Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

B9.1B

<u>Knowingly</u>

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

B9.2

<u>On or About a Particular Date</u>

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

S2.1

**Confession or**[10] Statement of a Single Defendant

If the Government offers evidence that a Defendant made a statement **or admission** to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

---

[10] Mr. Douglas objects to including the word "Confession" in the title of this instruction and the word "admission" in the instruction itself because inclusion of these words suggests to the jury the nature of the statement Mr. Douglas provided to law enforcement. It is more accurate to call his words a "statement" as the jury has yet to determine whether that statement constitutes a "confession" or an "admission."

The Government responds this pattern instruction is both legal and factually appropriate here. *See United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994), cert. denied, 115 S. Ct. 1801, 131 L. Ed. 2d 728 (1995).

T3
<u>Explanatory Instruction</u>
<u>Transcript of Tape-Recorded Conversation</u>

Exhibits 15, 98a and 99a that are video and audio recordings contain a typewritten transcript of the oral conversation heard on the recordings received in evidence. The transcript also purports to identify the speakers engaged in the conversation.

I've admitted the evidence with the superimposed transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to and watch the recordings and also to help you identify the speakers.

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own examination of the transcript in relation to hearing the recordings themselves as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

S4.1
Similar Acts Evidence
(Rule 404(b), Fed. R. Evid.)

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, had a motive or the opportunity to commit the acts charged in the indictment, acted according to a plan or in preparation to commit a crime, or committed the acts charged in the indictment by accident or mistake.

You may not consider this evidence for any other purpose.

The Defendant is currently on trial only for the crimes charged in the indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

S19

<u>Evidence of Flight</u>

Intentional flight or concealment by a person during or immediately after a crime has been committed, or after a person is accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person. But intentional flight or concealment under those circumstances is a fact that, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the Defendant's conduct constituted flight or concealment is exclusively for you to determine. And if you determine that the Defendant's conduct constituted flight or concealment, whether or not that conduct showed a consciousness of guilt on the Defendant's part is also exclusively for you to determine.

If you find that there was flight or concealment, you should also consider there may be reasons for this conduct that are fully consistent with innocence. These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime that you may be considering.

B10.2
<u>Caution: Punishment</u>
<u>Single Defendant, Multiple Counts</u>

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

**<u>You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.</u>**

*If you find the defendant guilty on any count, it will be up to me to establish the punishment, which will include incarceration in prison. You are advised of the following:*

*If you find the defendant guilty on Counts 1, 2, 3, 4, 5, 6, or 7, your verdict requires me to impose a sentence of at least fifteen (15) years in prison and authorizes me to impose a sentence up to forty (40) years in prison.*

*If you find the defendant guilty on Count 8, your verdict requires me to impose a sentence of at least ten (10) years in prison and authorizes me to impose a sentence up to life in prison.*

*If you find the defendant guilty of more than one count, I will determine whether the sentences run concurrently – meaning that the defendant serves them at the same time – or consecutively – meaning that the defendant finishes serving one sentence before serving another. The defendant will not be released early on parole from any prison sentence he receives.* [11]

---

[11] Defendant makes this request to preserve it for further appellate review, recognizing the Supreme Court has previously ruled on whether juries must remain ignorant or be informed about the consequences of their decisions. Shannon v. United States, 512 U.S. 573, 579 (1994); Rogers v. United States, 422 U.S. 35, 40 (1975). In so doing, defendant relies on the arguments outlined in a law review article arguing that precedent was wrongly decided. Daniel Epps & William Ortman, The Informed Jury, 75 VAND. L. REV. 823 (2022).

The Government objects to the addition of this non-pattern language that is explicitly prohibited by the binding legal authority recognized by the Defendant above.

B11
<u>Duty to Deliberate</u>

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

B12
<u>Verdict</u>

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

S5
<u>Note-taking</u>

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

                               CASE NO. 23-cr-80219-CANNON

-vs-

MICHAEL GORDON DOUGLAS,
       a/k/a "Michael",
       a/k/a "DaddyBreedsFam",
_____/

<u>VERDICT FORM</u>

1.  We, the Jury, unanimously find the Defendant, MICHAEL GORDON DOUGLAS,
    as to Count 1 of the Superseding Indictment:

    **GUILTY** _____ **NOT GUILTY**[12] _____

2.  We, the Jury, unanimously find the Defendant, MICHAEL GORDON DOUGLAS,
    as to Count 2 of the Superseding Indictment:

           GUILTY _____        NOT GUILTY _____

3.  We, the Jury, unanimously find the Defendant, MICHAEL GORDON DOUGLAS,
    as to Count 3 of the Superseding Indictment:

           GUILTY _____        NOT GUILTY _____

4.  We, the Jury, unanimously find the Defendant, MICHAEL GORDON DOUGLAS,
    as to Count 4 of the Superseding Indictment:

           GUILTY _____        NOT GUILTY _____

---

[12] Because the law presumes Mr. Douglas innocent, he requests the first option for the jury for the verdict on each count should be "Not Guilty."

The Government responds that the pattern verdict form listing "guilty" before "not guilty" is entirely appropriate here. *See United States v. Bell*, 750 Fed. Appx. 941, 942-43 (11th Cir. 2018).

5. We, the Jury, unanimously find the Defendant, MICHAEL GORDON DOUGLAS, as to Count 5 of the Superseding Indictment:

        GUILTY \_\_\_\_\_          NOT GUILTY \_\_\_\_\_

6. We, the Jury, unanimously find the Defendant, MICHAEL GORDON DOUGLAS, as to Count 6 of the Superseding Indictment:

        GUILTY \_\_\_\_\_          NOT GUILTY \_\_\_\_\_

7. We, the Jury, unanimously find the Defendant, MICHAEL GORDON DOUGLAS, as to Count 7 of the Superseding Indictment:

        GUILTY \_\_\_\_\_          NOT GUILTY \_\_\_\_\_

8. We, the Jury, unanimously find the Defendant, MICHAEL GORDON DOUGLAS, as to Count 8 of the Superseding Indictment:

        GUILTY \_\_\_\_\_          NOT GUILTY \_\_\_\_\_

    SO SAY WE ALL.

_____         _____
DATED                        FOREPERSON OF THE JURY