UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80219-CR-CANNON

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL GORDON DOUGLAS,

      Defendant.
_____/

## ORDER DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE PRIOR CONVICTION

**THIS CAUSE** comes before the Court upon Defendant's Motion to Exclude Evidence of Prior 2011 California Conviction under Federal Rule of Evidence 404(b) [ECF No. 48]. The Court has considered the Motion, the United States' Opposition [ECF No. 67], and the United States' timely Rule 404(b) Notice and Motion in Limine to Introduce Prior Conviction under Rule 414 [ECF No. 22; ECF No. 62].[1] The Court also heard argument on the Motion—first during a motions hearing on August 12, 2024 [ECF No. 111 pp. 96–98, 124–128, 132–134; ECF No. 59-1], and then partially during calendar call on April 29, 2025 [ECF No. 148].[2]

---

[1] The admissibility of Defendant's prior conviction is raised both in Defendant's Motion to Exclude Evidence [ECF No. 48] and in the United States' Motion in Limine [ECF No. 62].

[2] In the original Motion [ECF No. 48], Defendant objected under Rule 404(b) to admission of the underlying factual details concerning the prior conviction but stipulated to admission of the fact of the conviction itself and raised no substantive challenge to the application of Rule 414 [ECF No. 67 p. 2; ECF No. 111 pp. 96–97]. The United States defended admission of the prior conviction under Rule 414 as evidence of child molestation and under Rule 404(b) to show motive, intent, and lack of mistake or accident to commit the alleged crimes [ECF No. 111 pp. 113–114]. At calendar call on April 29, 2025, Defendant (through new counsel appointed in December 2024) withdrew the prior stipulation and objected to admission of the fact of the prior conviction itself,

For the reasons stated in open Court on August 12, 2024, and April 29, 2025, and memorialized herein, it is **ORDERED AND ADJUDGED** as follows:

1. The fact of Defendant's 2011 California convictions for distribution and possession of child pornography is permissible evidence under Rule 414, for the reasons stated by the United States in its Motion in Limine [ECF No. 62 pp. 2–5], and as argued during the August 12, 2024, and April 29, 2025, hearings [ECF No. 111 pp. 96–98, 124–128, 132–134].[3] As the conviction records indicate, Defendant was convicted in 2011 of three counts of distribution of a matter containing sexual conduct of a minor; one count of possession of a matter containing sexual conduct of a minor; and one count of attempted harmful matter sent to minor via electronic means and with intent of seducing the minor [ECF No. 62 pp. 2–5; ECF No. 59-1 pp. 1–5]. Rule 414 permits a court to admit—as relevant evidence on any matter—evidence that a defendant committed any other "child molestation." Fed. R. Evid. 414(a). There is no dispute that Defendant's prior convictions for distribution and possession of child pornography meet the definition of "child molestation" under that Rule. *Id.* 414(d)(2)(B); *see* 18 U.S.C. § 2252(A) (criminalizing, *inter alia*, distribution of child pornography); *id.* § 2252(a) (criminalizing, *inter alia*, possession of child pornography).[4] Accordingly,

---

referencing Rule 403 and relevance in general terms—but without any written motion or specific argument [Tr. 14–17]. The Court treats this Motion as contested on the general grounds raised by counsel orally on April 29, 2025, and on the basis of prior argument raised during argument on August 12, 2024, or in the Motion itself [ECF Nos. 48, 111; *see* ECF No. 75 p. 3 (objecting to introduction of specifics of Defendant's prior conviction)].

[3] These convictions are also permissible evidence under Rule 404(b), as determined below.

[4] It is not clear whether count 5 of Defendant's prior conviction—attempted harmful matter sent to minor via electronic means and with intent of seducing the minor—qualifies as child molestation within the meaning of Rule 414, so the Court does not rely on Rule 414 for admission of that count

2

limited to counts one through four of Defendant's 2011 prior conviction, the Court determines that such evidence is admissible under Rule 414. Out of an abundance of caution, however, and following consideration of the factors in Rule 403, the Court rejects the United States' attempt to introduce specific factual details regarding counts one through four except as agreed to by the parties. The Court also will issue a cautionary instruction consistent with the Eleventh Circuit's pattern instruction. 11th Cir. Jury Instruction T1.1. No propensity arguments or suggestions will be tolerated. Nor may the United States reference or introduce any information about the criminal sentence imposed on the 2011 conviction.

2. The fact of Defendant's 2011 California conviction for distribution and possession of child pornography and harmful matter sent to a minor via electronic means (with intent of seducing the minor) is permissible evidence under Rule 404(b) to show intent, motive, opportunity, and lack of mistake or accident. The instant Superseding Indictment charges Defendant with seven counts of distribution of child pornography and one count of attempted enticement of a minor to engage in sexual activity [ECF No. 55]. There is no dispute, as reflected in the documentation of Defendant's prior conviction [ECF No. 59-1], that Defendant was convicted of those offenses. *See, e.g.*, *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (requiring proof that defendant committee the prior act). That leaves two inquiries: whether the prior conviction is relevant to an issue other than Defendant's character, and whether its probative value is substantially outweighed by its undue prejudice, thus satisfying Fed. R. Evid. 403. *Id.* On those two issues, the Court agrees with the United States.

---

specifically but considers it admissible for limited purposes under Rule 404(b), as indicated below.

The evidence is highly probative to decide whether the Defendant had the state of mind or intent necessary to commit the crimes charged in the Superseding Indictment; whether he had a motive or the opportunity to do so; and whether he committed the acts charged in the Superseding Indictment by accident or mistake. Fed. R. Evid 404(b)(2). Defendant has clearly placed his intent at issue by pleading not guilty, and the prior acts themselves are very similar to the charged offenses. With respect to Rule 403 balancing, although the conviction will be approximately fourteen years old at the time of trial, the probative value of the fact of the prior conviction is high; there is no brightline rule on temporal remoteness; and Defendant has not met his heavy burden to show that the "extraordinary remedy" of Rule 403 is warranted given the highly probative nature of the prior conviction. *See, e.g.*, *United States v. Sawyer*, 799 F.2d 1494, 1506 (11th Cir. 1986) ("Because Rule 403 permits a trial court to exclude probative evidence, it is an extraordinary remedy which should be applied sparingly." (internal quotation marks omitted). In any event, any risk of unfair prejudice will be reduced by the Court's cautionary instruction at trial and by the Court's ruling that no details regarding the prior offenses (count one through five) will be permitted except as agreed to by the parties.[5] *See United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).[6] No propensity arguments shall be tolerated, and no

---

[5] On request of Defendant during calendar call on April 29, 2025, the United States agreed to clarify to the jury that count five of Defendant's prior conviction involved a notional minor, not a real child.

[6] To the extent Defendant referenced his prior conviction during his recorded post-*Miranda* statement taken on the date of his arrest [GX124], the United States has redacted such references from both the recording as well as the written transcript of the recording. On Day 1 of Trial (prior to jury selection), Defendant raised additional objections to portions of Defendant's statement on the theory that certain segments still make implied reference to Defendant's prior conviction. For

reference to any prior sentence stemming from the prior conviction shall be referenced or argued.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Exclude Prior Conviction [ECF No. 48] is **DENIED IN PART**, consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of May 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

the reasons stated in open Court on Day 1 of trial, the Court disagrees that exclusion of such additional segments is warranted beyond the material already excluded from Defendant's statement. None of the objected-to excerpts refer in any clear sense to the facts or details underlying Defendant's prior conviction, and further redaction of Defendant's statement would unnecessarily exclude clearly relevant evidence from this case.

5