UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-CR-80219-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL GORDON DOUGLAS.

    Defendant.
    _____/

## MOTION TO MODIFY JURY INSTRUCTIONS AS TO ATTEMPTED COERCION AND ENTICEMENT OF A MINOR (18 U.S.C. § 2422(b))

Mr. Michael Douglas, through undersigned counsel, respectfully requests two modifications to the jury instructions as to Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity, 18 U.S.C. § 2422(b). *See* ECF 130, pages 18-26. As mentioned during his motions for judgment of acquittal and dismissal for lack of venue, it is Mr. Douglas's position that attempted enticement is not a continuing offense.[1] Both of the proposals below are consistent with, and seek to modify the instructions in accordance with, that position. The Government has advised that it objects to the requested modifications.

*First*, given the Government presented evidence of conduct that occurred in California, the defense has expressed concern that the jury could convict Mr. Douglas

---

[1] The Government, to the contrary, contended at the motions hearing that attempted enticement *is* a continuing offense. The Court denied Mr. Douglas's motions to dismiss without deciding this issue.

1

based solely on conduct that occurred in California for which prosecution in the Southern District of Florida would be an improper venue. Mr. Douglas thus objects to the inclusion of any reference to California law in the instructions, and requests removal of the same.

*Second*, given the indictment charges a sole attempted enticement count over a period of several months, and given the facts presented by the Government, the current offense instruction creates a significant risk that the jurors may convict Mr. Douglas without unanimously agreeing on the same act of attempted enticement from within the charged period. *See United States v. Pulido*, 133 F.4th 1256, 1270 (11th Cir. 2025) (reversing a substantive enticement conviction because enticement is not a continuing offense, the charged enticement count was duplicitous, and the error was not harmless). Mr. Douglas thus respectfully requests the following modification to the jury charge on enticement, to appear beneath the elements of the offense:

> Additionally, despite the indictment covering a period of several months, attempted enticement is not a continuous (or "ongoing") offense. Thus, you may only find the Defendant guilty of the charged offense if you all unanimously agree as to at least one specific instance in which his conduct satisfied each of the five elements above, beyond a reasonable doubt.

Undersigned apologizes for the belated nature of this motion, which seeks to align the offense instructions with recent precedent. Courtesy copies of this pleading will be provided to the Government upon its filing, and printed copies of the proposed modified instructions will be provided on Monday, should the Court adopt the modification. The printout will appear as shown underneath the certification below.

* * *

        Respectfully Submitted,

        **HECTOR A. DOPICO**
        **FEDERAL PUBLIC DEFENDER**

By:   */s/ Srilekha Jayanthi*
        Assistant Federal Public Defender
        Special A No. A5502728
        150 W. Flagler Street, Suite 1700
        Miami, Florida 33130-1556
        Tel: (305) 530-7000
        srilekha_jayanthi@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **May 9, 2025**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        */s/ Srilekha Jayanthi*

O92.3
<u>Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity</u>
<u>18 U.S.C. § 2422(b)</u>

It's a Federal crime for anyone, using the mail or any facility or means of interstate or foreign commerce including a cellular telephone or the Internet, to attempt to persuade, induce, or entice a minor to engage in any sexual activity for which any person could be charged with a criminal offense, even if the attempt fails.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly intended to persuade, induce, or entice an individual who had not attained the age of 18 years to engage in sexual activity, as charged;

(2) the Defendant used the Internet or a cellular telephone to do so;

(3) at the time, the Defendant believed that the individual was less than 18 years old;

(4) if the sexual activity had occurred, one or more of the individuals engaging in sexual activity could have been charged with a criminal offense under Federal law or the law of Florida; and

(5) the Defendant took a substantial step towards committing the offense.

Additionally, despite the indictment covering a period of several months, attempted enticement is not a continuous (or "ongoing") offense. Thus, you may only find the Defendant guilty of the charged offense if you all unanimously agree as to at least one specific instance in which his conduct satisfied each of the five elements above, beyond a reasonable doubt.

As used in this instruction, you may apply the following definitions:

1. "persuade" means to move by argument, entreaty, or expostulation to a belief, position, or course of action; to plead with;

2. "induce" means to stimulate the occurrence of or to cause.

3. "entice" means to attract artfully or adroitly or by arousing hope or desire.

A cellular telephone and the Internet are a facilities of interstate commerce.

The existence of an actual minor victim is not required for an attempt conviction under § 2422(b), so long as the defendant intended to cause assent on the part of a minor and took a substantial step toward causing assent, not toward causing actual sexual contact.

The crime of attempted coercion and enticement of a minor to engage in sexual activity can be committed even though the defendant only communicated with an adult intermediary.

Also, it is not necessary for the Government to prove that the individual was actually persuaded, induced, or enticed to engage in sexual activity; but it is necessary for the Government to prove that the Defendant intended to cause agreement on the part of the individual to engage in some form of unlawful sexual activity and knowingly took some action that was a substantial step toward causing agreement on the part of the individual to engage in some form of unlawful sexual activity. A "substantial step" is an important action leading up to committing an

offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in the persuasion, inducement, enticement, or coercion.

So, as to the third element, the Government must prove that if the intended sexual activity had occurred, one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of Florida.

As a matter of law, the following act is a crime under Federal law.

The crime of Production of Child Pornography, Title 18 U.S.C. § 2251(a), is proven when:

1. an actual minor, that is, a real person who was less than 18 years old, was depicted;

2. the Defendant used, persuaded, induced, enticed the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct;

3. either (a) the Defendant knew or had reason to know that the visual depiction would be mailed or transported in interstate or foreign commerce; (b) the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the visual depiction was mailed or actually transported in interstate or foreign commerce.

As a matter of law, the following acts are crimes under Florida law.

The crime of Sexual Battery upon a Person Less Than 12 Years of Age, in violation of Florida State Statute §§ 794.011(2)(a) and (2)(b), is proven when:

1. The Defendant

    a.    committed an act upon or with the victim in which the sexual organ of the defendant or victim penetrated or had union with the anus, female genitals, or mouth of the victim or defendant; or

    b.    committed an act upon or with the victim in which the anus or female genitals of victim was penetrated by an object;

2.    At the time, the victim was less than 12 years of age.

3.    At the time, the defendant was 18 years of age or older.

The crime of Lewd or Lascivious Molestation, in violation of Florida State Statute § 800.04(5), is proven when:

1.    The Defendant

    a.    in a lewd or lascivious manner, intentionally touched the breasts, genitals, genital area, buttocks, clothing covering the breasts, clothing covering the genitals, clothing covering the genital area, or clothing covering the buttocks of the victim.

    b.    in a lewd or lascivious manner, intentionally forced or enticed the victim to touch the genitals, genital area, buttocks, clothing covering the genitals, clothing covering the genital area, clothing covering the buttocks of the defendant.

2.    At the time, (victim) was less than 12 years of age.

3.    At the time, (defendant) was 18 years of age or older.

The words "lewd" and "lascivious" mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.

The crime of Lewd or Lascivious Conduct, in violation of Florida State Statute § 800.04(6), is proven when:

1.    The Defendant intentionally touched the victim in a lewd or lascivious manner.

2.    At the time, (victim) was under the age of 16 years.

3.    At the time, (defendant) was 18 years of age or older.

The words "lewd" and "lascivious" mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.

The crime of Lewd or Lascivious Exhibition, in violation of Florida State Statute § 800.04(7), is proven when:

1. The Defendant:

    a. intentionally masturbated.

    b. intentionally exposed his genitals in a lewd or lascivious manner.

    c. committed a sexual act, sadomasochistic abuse, or the simulation of any act involving sexual activity that did not involve actual physical or sexual contact with the victim.

2. The act was committed in the presence of victim.

3. At the time, the victim was under the age of 16 years.