UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80219-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL DOUGLAS
    Defendant.
    _____/

**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

Mr. Douglas objects to the presentence investigation report as follows:

1. **Adjustment for Obstruction of Justice**

    Probation assessed a two-level upward adjustment for obstruction of justice under section 3C1.2. [PSR ¶¶ 78, 103]. That section provides for an increase where a defendant "recklessly creates a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. The adjustment applies only where the defendant knows he is fleeing from law enforcement, *United States v. Martikainen*, 640 F.3d 1191, 1194 (11th Cir. 2011); *United States v. Hayes*, 49 F.3d 178, 183-84 (6th Cir. 1995), and where he endangers someone other than himself. *See* USSG § 3C1.2, app. n. 4 ("'Another person' includes any person, except a participant in the offense who willingly participated in the flight.")

    Mr. Douglas objects because there is no evidence, prior to law enforcement activating their emergency lights and pinning his car, that he

knew law enforcement was pursuing him and, accordingly, his erratic driving pattern – reckless or not – cannot support this adjustment. Nor can his subsequent display of a *replica* grenade support the adjustment because that action endangered no one except Mr. Douglas. As such, this Court should reject the two-level increase.

2. **Application of section 2G1.3(b)(5)**

Probation assessed an eight-level increase under section 2G1.3(b)(5) because "the offense involved a minor who had not attained the age of 12 years."[1] [PSR ¶ 100]. Despite the absence of a minor here, probation applied the increase because the commentary to section 2G1.3 expands the definition of "minor" to include fictitious minors that agents represent are available to engage in sexually explicit conduct. *See* USSG § 2G1.3, app. n. 1.

Mr. Douglas objects to this increase because the plain language of section 2G1.3 is unambiguous – the offense must "involve a minor." Here, there was no minor and the increase does not apply. This Court may not look to the commentary to expand the meaning of an unambiguous guideline. *United States v. Dupree*, 57 F.4th 1269, 1273-77 (11th Cir. 2023).

3. **Multiple Count Increase**

If this Court sustains Mr. Douglas's objections, the calculation of the offense level for Group Two [PSR ¶¶ 98-104] would result in an adjusted

---

[1] That section also requires either subsection (a)(3) or (a)(4) applies. Mr. Douglas does not dispute that subsection (a)(3) applies here.

offense level of 30. In turn, the multiple count adjustment under section 3D1.4 [PSR ¶¶ 105-107] would also change, increasing the total offense level by one level, rather than two levels. As such, the combined adjusted offense level [PSR ¶ 108] would be 38.

        Respectfully submitted,

        HECTOR DOPICO
        FEDERAL PUBLIC DEFENDER

        *s/ Scott Berry*
        Scott Berry, B.C.S.
        Assistant Federal Public Defender
        Attorney for Defendant
        Bar Number: 0525561
        250 South Australian Avenue
        Suite 400
        West Palm Beach, Florida 33401
        Phone: (561) 833-6288
        Fax: (561) 833-0368
        Email: scott_berry@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        By: *s/ Scott Berry*
        Scott Berry