UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-80219-AMC(s)

UNITED STATES OF AMERICA

v.

MICHAEL GORDON DOUGLAS,

    Defendant.

_____/

**GOVERNMENT'S OBJECTION TO
THE PRESENTENCE INVESTIGATION REPORT**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this objection to the Draft Presentence Investigation Report (ECF No. 182) and states the following:

**Enhancement for Distribution of Child Pornography under § 2G2.2(b)(3):**

    Paragraph 90 of the Presentence Investigation Report ("PSR") add two offense levels under U.S.S.G. § 2G2.2(b)(3)(F). That specific enhancement deals with the specific offense characteristic surrounding the distribution of child pornography. There are six options under Section 2G2.2, each of which provide an increasing scale of levels between 5, 6, and 7, until the final option which provides only a 2-level increase under Section 2G2.2(b)(3)(F). Probation only included the last option, a two-level increase, which is incorrect. As such, the United States objects.

    The United States submits that the following specific offense characteristic applies, and the Court should assess a seven level increase:

- U.S.S.G. § 2G2.2(b)(3)(E) the offense involved the distribution of child pornography to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct.

The United State submits these specific enhancements to the defendant's base offense level apply based upon the admitted evidence during trial. Additionally, this increase under § (b)(3)(E) applies based upon the jury's guilty verdict as to Count 8 – Attempted Enticement of a Child to Engage in Sexual Conduct.

To begin, the evidence admitted during trial included numerous messages sent by the defendant to the undercover officer in connection with images and videos of child pornography. The point of sending these messages, images and videos was to influence an 8-year-old girl to have sex with him.

As an example, the United States admitted GX-1a, an image sent by the defendant on October 5, 2023, which depicted a minor female child that was sitting on the lap of an adult male with his penis between her child's legs. The image was preceded by a message from the defendant that stated:



Yes I play with her, we started when she was 6, sitting on my lap rubbing herself. I took over and had d made her tingle and squirm ever since except for the occasional mom or girl.

Have you played with yours yet?

The defendant then sent additional message afterwards that explained the context of the image more, as well as other messages that reference another child pornography video:

> I've gone all the way, the night she was rubbing herself something took over me, I rubbed my daughter, it wasn't enough, I locked her, it didn't satisfy me, I carried her to the bedroom laid her dowhn. Used lots of lube and slowly slid my cock along her slit and then inside her. She didn't cry. Just a wince. It took a long time but I was able to slowly fuck her. She made little grunting noises.. Her whole body stiffened up then shook.



> She was 4 days past 6 years old
>
> Have you tried a minute or skinny dildo/vibrator?

> In a month's time this will be yoir daughter



> The little one in rhe last video is 4. I know just where to stop before hitting her cervix over and over. She'll beg us to be on me, you can even wrap your hand around my shaft while I bounce her up and down. Lick her clit make her body tingle when I'm inside her

According to the Application Note 1 of § 2G2.2 defines a "minor" is defined as (A) an individual who has not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

For this case, option (B) applies because the child that was represented to the defendant was a fictitious 8-year-old who could be provided by the mother to the defendant for the purposes of sex. Because the defendant sent these items of child pornography to influence the child's assent to sex, the seven-level enhancement should be added.

**WHEREFORE**, the United States submits this objection to the PSR.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

s/Adam C. McMichael
ADAM C. McMICHAEL
Assistant United States Attorney
Court No. A5501637
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1040
Adam.McMichael@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Adam C. McMichael*
ADAM C. McMICHAEL
ASSISTANT UNITED STATES ATTORNEY

**SERVICE LIST**

**Scott G. Berry**
Federal Public Defender
250 S Australian
Ste 400
West Palm Beach, FL 33463
561-833-6288
Fax: 561-833-0368
Email: scott_berry@fd.org
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: Public Defender Appointment